JUDGE LYNCH

Counsel of Record:
Mark K. Schonfeld (MS-2798)
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center, Suite 400
New York, NY 10281-1022
(212) 336-0145 (Paley)

# 07 CV 10547

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>    -against-<br><br>RABINOVICH & ASSOCIATES, LP,<br>ALEX RABINOVICH AND<br>JOSEPH LOVAGLIO,<br><br>        Defendants. | 07 Civ. ____<br><br>**COMPLAINT** |

---

Plaintiff Securities and Exchange Commission for its complaint against Rabinovich & Associates LP ("Rabinovich & Associates"), Alex Rabinovich ("Rabinovich") and Joseph Lovaglio ("Lovaglio") (collectively, "Defendants") alleges as follows:

## SUMMARY

1. This action arises out of an ongoing, fraudulent securities offering by Alex Rabinovich, Rabinovich & Associates, LP, an unregistered investment company and broker-dealer managed by Rabinovich, and Joseph Lovaglio, a salesman and managing director at Rabinovich & Associates. Operating out of a storefront boiler room in Brooklyn, Defendants are selling limited partnership interests in Rabinovich & Associates (sometimes referred to hereafter

as the "Fund" or the "firm") and other securities to investors, including senior citizens and retirees.

2.    Defendants obtain investments in the Fund by cold-calling and have made, and are continuing to make, fraudulent statements to investors and prospective investors in the Fund, including: (1) false claims that the Fund has been extraordinarily profitable whereas the Fund's actual performance has been dismal; and (2) false representations that Rabinovich & Associates is a Wall Street firm and a member of the NASD, the New York Stock Exchange ("NYSE"), and the Securities Investor Protection Corporation ("SIPC"). Defendants have also failed to disclose to investors that Rabinovich has been barred by the NASD from associating with any broker or dealer and that there is a pending action by the Financial Industry Regulatory Authority, Inc. ("FINRA") seeking to bar Lovaglio from associating with any broker or dealer.[1]

3.    Defendants have raised at least $550,000 from at least twenty-three investors, and have lost most of that money, even while providing investors with quarterly account statements that reflect large gains and "dividends" in every period. Defendants are continuing to solicit investments in the Fund and the purchase of other securities and are continuing to lull existing Fund investors with false account statements.

4.    In addition to defrauding Fund investors and prospective investors, Defendants are unlawfully operating as unregistered broker-dealers and offering and selling securities in an unregistered offering; and defendant Rabinovich & Associates is unlawfully operating as an unregistered investment company.

---

[1]    Effective July 30, 2007, the NASD and NYSE member regulation, enforcement, and arbitration operations have been consolidated, creating FINRA.

5.    Through this conduct, and that detailed below, Defendants have violated Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a), 77e(c) and 77q(a), Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78o(a), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; Rabinovich has violated Section 206(4) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-6(4), and Rule 206(4)-8, 17 C.F.R. § 275.206(4)-8; Lovaglio has aided and abetted violations of Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8, 17 C.F.R. § 275.206(4)-8; and Rabinovich & Associates has violated Section 7(a) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-7(a).

6.    Unless restrained and enjoined by the Court, Defendants will continue to engage in the transactions, acts, practices and courses of business alleged herein, and in transactions, acts, practices, and courses of business of a similar type and object.

7.    By this action, the Commission seeks: (a) permanent injunctive relief; (b) disgorgement and prejudgment interest; (c) civil penalties; (d) emergency and preliminary relief including (i) a temporary restraining order and preliminary injunction, (ii) asset freezes, and (iii) orders requiring Defendants to provide sworn accountings, permitting expedited discovery, and prohibiting the destruction of documents; and (e) such further relief as the Court may deem appropriate.

## JURISDICTION AND VENUE

8.    The Commission brings this action pursuant to authority conferred by Section 20(b) of the Securities Act, 15 U.S.C. § 77t(b), Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d), Section 209(d) of the Advisers Act, 15 U.S.C. § 80b-9(d), and Section 42(d) of the

5.     Through this conduct, and that detailed below, Defendants have violated Sections

5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a), 77e(c)

and 77q(a), Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 ("Exchange Act"),

15 U.S.C. §§ 78j(b) and 78o(a), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; Rabinovich

has violated Section 206(4) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C.

§ 80b-6(4), and Rule 206(4)-8, 17 C.F.R. § 275.206(4)-8; Lovaglio has aided and abetted

violations of Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8, 17

C.F.R. § 275.206(4)-8; and Rabinovich & Associates has violated Section 7(a) of the Investment

Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-7(a).

6.     Unless restrained and enjoined by the Court, Defendants will continue to engage

in the transactions, acts, practices and courses of business alleged herein, and in transactions,

acts, practices, and courses of business of a similar type and object.

7.     By this action, the Commission seeks: (a) permanent injunctive relief; (b)

disgorgement and prejudgment interest; (c) civil penalties; (d) emergency and preliminary relief

including (i) a temporary restraining order and preliminary injunction, (ii) asset freezes, and (iii)

orders requiring Defendants to provide sworn accountings, permitting expedited discovery, and

prohibiting the destruction of documents; and (e) such further relief as the Court may deem

appropriate.

## JURISDICTION

8.     The Commission brings this action pursuant to authority conferred by Section

20(b) of the Securities Act, 15 U.S.C. § 77t(b), Section 21(d) of the Exchange Act, 15 U.S.C. §

78u(d), Section 209(d) of the Advisers Act, 15 U.S.C. § 80b-9(d), and Section 42(d) of the

3

Investment Company Act, 15 U.S.C. § 80a-41(d). This Court has jurisdiction over this action

pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), Sections 21(d), 21(e) and 27

of the Exchange Act, 15 U.S.C. §§ 78u(d), 77u(e) and 78aa, Section 214 of the Advisers Act, 15

U.S.C. § 80b-14, and Section 44 of the Investment Company Act, 15 U.S.C. § 80a-43.

9.      Venue lies in this district pursuant to Section 22(a) of the Securities Act, 15

U.S.C. § 77v(a), and Section 27 of the Exchange Act, 15 U.S.C. § 78aa, Section 214 of the

Advisers Act, 15 U.S.C. § 80b-14, and Section 44 of the Investment Company Act, 15 U.S.C. §

80a-43. Certain of the transactions, acts, practices and courses of business constituting the

violations alleged herein occurred within the Southern District of New York.

10.     Defendants, directly or indirectly, singly or in concert, have made use of the

means or instrumentalities of transportation or communication in, or the instrumentalities of,

interstate commerce, or of the mails, in connection with the transactions, acts, practices, and

courses of business alleged in this complaint.

## THE DEFENDANTS

11.     **Rabinovich & Associates, LP** is a limited partnership, purportedly organized in

December 2002 and located at 14 Wall Street, New York, NY. Its offices are actually located in

an unmarked storefront at 502 Gravesend Neck Road, Brooklyn, NY. It is not registered in any

capacity with the Commission, and is not a member of the NASD, the NYSE or SIPC.

According to its website, www.ra-lp.com, Rabinovich & Associates is an "independent

investment company whose affiliates offer a broad array of financial products and services." In

actuality, Rabinovich & Associates is an unregistered investment company and an unregistered

broker-dealer operating a boiler room.

12.     **Alex Rabinovich**, age 29, resides in Brooklyn, New York. He is the general

partner of Rabinovich & Associates and a self-described "private wealth manager." From

August 2001 through April 2004, Rabinovich worked as a registered representative for,

successively, Dupont Securities Group, Inc., Indianapolis Securities, Inc. and Salomon Grey

Financial Corporation, each of which has been the subject of significant disciplinary action. In

March 2004, he consented to a fine of $5,000 to resolve a customer complaint of unauthorized

trading while at Dupont. In July 2004, the NASD revoked his registration for failure to pay the

fine, and shortly thereafter, Rabinovich consented to a bar from association with any NASD

member in any capacity on the basis of his failure to respond to an NASD request to provide

testimony. In November 2004, the NASD found Rabinovich and Dupont jointly liable in a

customer arbitration for approximately $165,000, based on claims of fraud, breach of contract

and breach of fiduciary duty.

13.     **Joseph Lovaglio**, age 25, resides in Brooklyn, New York. He is a managing

director of Rabinovich & Associates and the head of its sales operation. Since 1998, he has

worked for at least seven financial firms, at least three of which have been the subject of law

enforcement action. Lovaglio is the subject of a pending FINRA proceeding based on his failure

to provide FINRA with requested information and documents in connection with a customer

allegation of fraud.

## FACTS

### Rabinovich & Associates

14.    Rabinovich & Associates holds itself out as an "independent investment company" and a broker-dealer "whose affiliates offer a broad array of financial products and services," and whose principal offices are located at 14 Wall Street. According to the Rabinovich & Associates limited partnership agreement, the Fund "is organized to acquire for investment the securities . . . of any recognized stock exchange company . . . to realize the value of such Securities by managing the same for the mutual benefit of the [General Partner and the Limited Partners]." The firm's website indicates that the Fund is divided into two funds, one of which follows a "moderate growth" strategy and the other of which follows an "aggressive growth" strategy.

15.    The limited partnership agreement confers broad powers on the general partner, who is Alex Rabinovich. The agreement also provides that the general partner shall receive "no fees, wages or payment" for managing the Fund, "except for his fifty (50%) percent profit realized on any transactions on behalf of the partnership[,]" and provides that the partnership shall bear all organizational and operating expenses.

16.    The firm's website expands only slightly on the Fund's vague investment strategy. It states, for example, that Rabinovich's goal is "to yield returns to individual investors that institutions are accustomed to[,]" and continues with such bland pronouncements as:

> The firm's model for investing complements the average investor's needs. The model works when capital is pooled together and distributed respectively. It limits risk and increases returns. . . . When many investors devote funds together, capital accumulates and all are more likely to turn a profit because of the large buying power. . . .

6

17.    Among the Fund's main selling points are the firm's claimed experience and the Fund's purported track record. The website recounts the firm's supposed "experience and success with institutional clients." The site further represents, "Due to the fund's exceptional performance and the successful relationships maintained with multi-million dollar clients, the firm also agreed to reward average investors. . . . Therefore, at the end of 2003, the fund closed its doors to institutions and welcomed the average investor."

18.    Upon information and belief, there have never have been institutional investors in the Fund and the firm has never had any multi-million dollar clients.

19.    In marketing the Fund, Defendants extol the Fund's purported extraordinary track record. The Fund's website indicates that, from inception, the firm has achieved a 127.3% return in its "moderate growth fund" and a 442.9% return in its "aggressive growth fund." The website further claims, for example, that the firm achieved a 123.90% return in 2004, an 84.20% return in 2005 and a 54.70% return in 2006. Moreover, according to the website, in the firm's worst quarter ever – purportedly the only quarter in the three-year period when the quarterly return was less than 11.80% – it achieved a 6.10% return. The website conveys that these purported returns are the result of the firm's "large buying power" and Rabinovich's trading acumen. According to the website, Rabinovich is "the man who is able to swim with the sharks."

20.    The Fund's website also highlights the Fund's supposed flexible redemption policy and lack of management fees, as well as the purported character of Rabinovich and Lovaglio. For example, the website contains a number of "testimonials" that extol the Fund's flexibility and high returns and praise Rabinovich and Lovaglio personally:

> "The thing I appreciate most is the personable service and the returns are phenomenal." James Bull from NV

7

"R&A L.P. has guided us correctly in the market and is delightful team to work with. Joseph Lovaglio is very easy to communicate with and a pleasure to do business with." Thomas Yancey from AZ

"The only company where the firm gets compensated on performance and also pick[s] mostly winners providing percentage gains in any market conditions, where else can you do that." Dean Henderson from CA

"I am pleased with the consistency of performance that the fund produces. Alex Rabinovich is honest, frank, and very easy to deal with. He is one of the most trustworthy people in the industry that I have ever encountered. He will tell you how it is!!" Howard Hinck from NJ

## Defendants Are Operating a Boiler Room

21.     The firm's primary activity is the sale of limited partnership interests in the Fund and other securities, including shares in a purported private placement by Datawind Net Access Corp. In addition, Rabinovich engages in day-trading on behalf of the Fund.

22.     Lovaglio heads the sales operation, which consists of himself and a number of other cold callers. Lovaglio personally makes many of the cold calls and also frequently calls existing Fund investors to solicit additional investments. The Fund's salesmen are paid a commission based on a percentage of the amount they raise.

23.     The firm targets senior citizens and unsophisticated investors. At least eleven of the Fund's investors are sixty years old or older, including three who are in their seventies and three who are in their eighties. At least three investors used their IRA money to invest in the Fund, with the firm's assistance and encouragement. Fund investors are located across the country.

24.     By means of fraudulent representations and high pressure sales tactics, including those described below, Defendants have raised at least $550,000 from at least twenty-three

investors.

## Defendants Have Made and Continue to Make Materially False and Misleading Statements to Fund Investors and Prospective Investors

25.     To induce potential investors to invest in the Fund and to induce existing investors to make additional investments and to refer other prospective investors, Defendants have made numerous misrepresentations to Fund investors and prospective investors about the firm, the background of the firm's principals, the Fund's track record, and the performance of individual investors' accounts.

26.     Defendants represent on quarterly account statements mailed to investors that Rabinovich & Associates is a member of the NASD, the NYSE, and SIPC. This representation is false. The firm is not a member of the NASD or the NYSE and its customer's accounts are not insured by SIPC.

27.     Defendants also tout the firm's supposed Wall Street location. On account statements, letters to investors, the firm's website, Rabinovich's and Lovaglio's business cards, and the limited partnership agreements mailed to some investors, the firm has repeatedly represented that its office or its principal office is at 14 Wall Street. Investors have been instructed to, and do, send funds and signed partnership agreements to the Wall Street address in the belief that the firm's offices are located there. In fact, the offices are in an unmarked Brooklyn storefront and the Wall Street address is nothing more than a commercial mail drop used by Defendants to create the false impression that the firm is prosperous and professional.

28.     Defendants fail to disclose to investors or potential investors that Rabinovich has been barred by the NASD from association with any broker or dealer, even as the firm's website

9

– which does not mention Rabinovich's bar – touts his purported experience and includes a testimonial to his honesty. On information and belief, Defendants also fail to disclose to investors and prospective investors the pending FINRA proceeding against Lovaglio, which is not disclosed on the website.

29.    Defendants also misrepresent the Fund's track record to prospective and existing Fund investors. For example, the firm website states that the Fund achieved a 123.90% return in 2004, an 84.20% return in 2005 and a 54.70% return in 2006. The same or similar performance claims are also contained in promotional materials sent to prospective investors. In one such document, Defendants touted a cumulative return of 538.01% from the Fund's inception in December 2002.

30.    Quarterly account statements sent to Fund investors also represent that the Fund is earning substantial returns. The account statements set forth the amount of each investor's "dividend," and reflect Fund performance of as much as 18.6% for a quarter and 62.278% for a year.

31.    These performance claims are false. Since it began trading, the Fund has incurred losses on its trading every quarter.

32.    Defendants have made other misrepresentations about the benefits and risks of investing in the Fund. For example, correspondence dated December 2006 sent to one Fund investor states, in part:

Benefits of Rabinovich & Associates LP Fund Program

– Asset diversification and the possible risk reduction associated with adding low to
  slightly negative correlation to the equity investments in your portfolio
– A good alternative to low yielding bonds and deposits
– Professional account management from a well-capitalized firm

10

– Liquidity of assets – redemptions may take place on a quarterly basis, with no fee or penalty.

In fact, in light of its consistent losses, the Fund is not a good alternative to "low yielding bonds and deposits" and, upon information and belief, the firm is not well-capitalized.

33.    In addition to the misrepresentations outlined above, Lovaglio has made other false or misleading statements to investors and prospective investors in oral sales pitches. For example, Lovaglio told one investor that he was heavily invested in the Fund himself, when in fact he is not. Lovaglio also minimized the risks of investing in the Fund when speaking with investors and potential investors, by, for example, comparing an investment in the Fund to "money in the bank." In selling interests in the Fund, Lovaglio also engaged in other high pressure sales tactics.

**Defendants Are Continuing to Defraud Fund Investors and to Solicit Additional Investments**

34.    Defendants are continuing to defraud Fund investors and continuing to solicit additional investments in the Fund. The most recent account statements sent to Fund investors, for the quarter ended September 2007, repeat the false representation that the firm is a member of the NASD, NASD, and SIPC. These statements also contain positive performance claims for the quarter that are inconsistent with the trading losses in the Fund's brokerage account for that period. In addition, at least as recently as October and November 2007, Fund investors have been solicited to make additional investments in the Fund.

11

## FIRST CLAIM FOR RELIEF
### [All Defendants]

### Violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5

35.    The Commission repeats and realleges the allegations contained in paragraphs 1 through 34 by reference as if fully set forth herein.

36.    The limited partnership interests in Rabinovich & Associates offered and sold by Defendants are securities within the meaning of Section 2(1) of the Securities Act, 15 U.S.C. § 77b(1), and Section 3(a)(10) of the Exchange Act, 15 U.S.C. § 78c(a)(10).

37.    The misrepresentations and omissions described above are material.

38.    Defendants, directly and indirectly, singly and in concert, knowingly or recklessly, by the use of the means or instruments of transportation or communication in, and the means or instrumentalities of, interstate commerce, or by the use of the mails, in the offer or sale, and in connection with the purchase or sale, of securities, have: (a) employed devices, schemes or artifices to defraud; (b) obtained money or property by means of, or otherwise made untrue statements of material fact, or omitted to state material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading; and (c) engaged in transactions, acts, practices and courses of business which operated or would operate as a fraud or deceit upon purchasers of securities or other persons.

39.    By reason of the foregoing, Defendants have violated, are violating, and unless restrained and enjoined, will continue to violate, Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17

12

C.F.R. § 240.10b-5.

## SECOND CLAIM FOR RELIEF
### [Rabinovich and Lovaglio]

### Violations of Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4) and Rule 206(4)-8, 17 C.F.R. § 275.206(4)-8

40.    The Commission realleges and incorporates paragraphs 1 through 39 by reference as if fully set forth herein.

41.    Rabinovich is an investment adviser as defined by Section 202(a)(11) of the Advisers Act, 15 U.S.C. §80b-2(a)(11).

42.    The Fund is a pooled investment vehicle as defined by Advisers Act Rule 206(4)-8(b), 17 C.F.R. § 275.206(4)-8(b).

43.    Rabinovich, singly and in concert with others, directly and indirectly, by use of the mails or any means or instrumentality of interstate commerce, engaged in acts, practices, or courses of business which are fraudulent, deceptive, or manipulative. Specifically, Rabinovich (a) made untrue statements of a material fact, or omitted to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to investors or prospective investors in the Fund; and/or (b) engaged in acts, practices, or course of business that were fraudulent, deceptive, or manipulative with respect to investors or prospective investors in the Fund.

44.    By reason of the foregoing, Rabinovich has violated, is violating, and unless enjoined, will continue to violate, Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4) and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8.

45.    Lovaglio substantially assisted Rabinovich's violations of Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4) and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8, and did so knowingly or recklessly.

46.    By reason of the foregoing, Lovaglio has aided and abetted, is aiding and abetting, and unless enjoined, will continue to aid and abet, Rabinovich's violations of Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4) and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8.

### THIRD CLAIM FOR RELIEF
### [All Defendants]

## Violations of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c)

47.    The Commission realleges and incorporates paragraphs 1 through 46 by reference as if fully set forth herein.

48.    No registration statement was ever filed with the Commission or in effect with respect to the interests in the Fund offered and sold by Defendants, and no exemption from registration is available.

49.    Defendants, directly or indirectly: (a) made use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell securities through the use or medium of a prospectus or otherwise; or carried securities or caused such securities to be carried through the mails or in interstate commerce, by means or instruments of transportation, for the purpose of sale or for delivery after sale; and (b) made use of the means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, securities without a registration statement having been filed or being in effect with the Commission as to such

securities.

50.    By reason of the foregoing, Defendants have violated, are violating, and unless

enjoined, will continue to violate Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§

77e(a) and 77e(c).

## FOURTH CLAIM FOR RELIEF
### [All Defendants]
### Violations of Section 15(a) of the Exchange Act, 15 U.S.C. §§ 78o(a)

51.    The Commission realleges and incorporates paragraphs 1 through 50 by reference

as if fully set forth herein.

52.    Defendants were engaged and continue to engage in soliciting purchases of, and

effecting transactions in, securities issued by defendant Rabinovich & Associates and other

securities, and received compensation based on those transactions.  Neither Rabinovich &

Associates, Rabinovich, nor Lovaglio was registered as a broker or dealer, and Rabinovich,

Lovaglio and the other salespeople were not associated persons of a registered broker or dealer.

53.    By engaging in the conduct described above, directly or indirectly, Defendants, by

use of the mails and the means or instrumentalities of interstate commerce, while acting as

brokers and while engaged in the business of effecting transactions in securities for the accounts

of others otherwise than through a national securities exchange, effected transactions in, or

induced or attempted to induce the purchase or sale of securities (other than an exempted security

or commercial paper, banker's acceptances, or commercial bills) without registering as a broker

or dealer in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b).

54.    By reason of the foregoing, Defendants have violated, are violating, and unless

restrained and enjoined will continue to violate, Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a).

## FIFTH CLAIM FOR RELIEF
### [Rabinovich & Associates]

## Violations of Section 7(a) of the Investment Company Act, 15 U.S.C. § 80a-7(a)

55.     The Commission realleges and incorporates paragraphs 1 through 54 by reference as if fully set forth herein.

56.     Rabinovich & Associates has issued securities in a public offering and is and has been or has held itself out as being engaged primarily, and proposes and has proposed to engage primarily, in the business of investing, reinvesting, or trading in securities.

57.     Rabinovich & Associates therefore was and is an investment company under Section 3(a)(1) of the Investment Company Act, 15 U.S.C. § 80a-3(a)(1). No exemption or exclusion is available. Accordingly, Rabinovich & Associates was and is required to register with the Commission under Section 7(a) of the Investment Company Act, 15 U.S.C. § 80a-7(a). It is not so registered and, by acting as an investment company without being registered, has violated, is violating, and unless enjoined will continue to violate, Section 7(a) of the Investment Company Act.

58.     By reason of the foregoing, Rabinovich & Associates have violated, are violating, and unless restrained and enjoined will continue to violate, Section 7(a) of the Investment Company Act, 15 U.S.C. § 80a-7(a). [15 U.S.C. § 80a-7(a)]

16

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Commission respectfully requests that the Court:

1.    Enter a final judgment:

(A)    Permanently restraining and enjoining the defendants, their officers, agents, servants, employees, attorneys in-fact, and all persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, and each of them, from violating Sections 5(a), 5(c) and 17(a) of the Securities Act, 15 U.S.C. §§ 77e(a), 77e(c) and 77q(a), Sections 10(b) and 15(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78o(a), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5;

(B)    Permanently restraining and enjoining Rabinovich and Lovaglio, their officers, agents, servants, employees, attorneys in-fact, and all persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, and each of them, from violating from violating Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8, 17 C.F.R. § 275.206(4)-8;

(C)    Permanently restraining and enjoining Rabinovich and Associates, its officers, agents, servants, employees, attorneys in-fact, and all persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, and each of them, from violating Section 7(a) of the Investment Company Act, 15 U.S.C. § 80a-7(a);

(D)    Directing Defendants to disgorge their ill-gotten gains from the violative conduct alleged in this complaint, and to pay prejudgment interest thereon;

(E)    Directing Defendants to pay civil money penalties pursuant to Section

20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d) of the Exchange Act, 15 U.S.C. §

78u(d), Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9(e); and, with respect to defendant

Rabinovich & Associates, pursuant to Section 42(e) of the Investment Company Act, 15 U.S.C. §

80a-41(e);

2.    Grant the temporary and preliminary relief sought by the Commission in the

application filed herewith; and

3.    Such other and further relief as the Court deems appropriate.

Dated:  November 26, 2007
New York, New York

                        Respectfully submitted,


                        _____
                        Mark K. Schonfeld (MS-2798)
                        ATTORNEY FOR PLAINTIFF
                        SECURITIES AND EXCHANGE COMMISSION
                        New York Regional Office
                        3 World Financial Center
                        Room 400
                        New York, New York 10281
                        (212) 336-0145 (Paley)


Of Counsel:

Andrew M. Calamari
Leslie Kazon
James Burt IV
Michael Paley
Kristine Zaleskas

18