**07 CV 10547**

MARK K. SCHONFELD (MS-2798)
REGIONAL DIRECTOR
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center – Suite 400
New York, NY 10281
(212) 336-0145 (Paley)

**JUDGE LYNCH**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/26/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
SECURITIES AND EXCHANGE COMMISSION,                    :
                                                       :
                                    Plaintiff,         :
                                                       :
                    - against -                        :
                                                       :
RABINOVICH & ASSOCIATES, LP,                           :        07 Civ.  (   )
ALEX RABINOVICH, and                                   :
JOSEPH LOVAGLIO,                                       :
                                                       :
                                    Defendants.        :
-----------------------------------------------------------------------x

### ORDER TO SHOW CAUSE,
### TEMPORARY RESTRAINING ORDER,
### AND ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF

On the Emergency Application of Plaintiff Securities and Exchange Commission (the

"Application") for an Order:

1.      directing Defendants Rabinovich & Associates, LP, Alex Rabinovich and Joseph

Lovaglio (collectively, "Defendants"), to show cause why an order should not be entered,

pending a final disposition of this action:

        a.      preliminarily enjoining Defendants from violating Sections 5(a), 5(c) and

                17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§

                77e(a), 77e(c) and 77q(a), and Sections 10(b) and 15(a) of the Securities

Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78o(a), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5;

b.    preliminarily enjoining Rabinovich and Lovaglio from violating Section 206(4) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-6(4), and Rule 206(4)-8, 17 C.F.R. § 275.206(4)-8;

c.    preliminary enjoining Rabinovich & Associates from violating Section 7(a) of the Investment Company Act, 15 U.S.C. § 80a-7(a);

d.    directing each of the Defendants to provide a verified accounting immediately;

e.    freezing the assets of the Defendants as specified herein;

f.    prohibiting the destruction, concealment, or alteration of documents; and

g.    preliminarily enjoining Defendants, and their officers, agents, employees, attorneys, or other professionals, anyone acting in concert with them, and any third party from filing a bankruptcy proceeding on behalf of Defendants without at least three (3) days' notice to the Plaintiff and approval of this Court;

2.    pending adjudication of the foregoing, an Order

a.    temporarily restraining Defendants from violating the aforementioned statutes and rules;

b.    directing each of the Defendants to provide a verified accounting immediately;

c.    freezing the assets of the Defendants as specified herein;

d.    prohibiting the destruction, concealment, or alteration of documents; and

2

    e.    providing that the Commission may take expedited discovery in preparation for a hearing on this Order to Show Cause, and further providing the order expediting discovery that will remain in place beyond any hearing on the Commission's application for preliminary injunctions.

The Court has considered (1) the Complaint filed by the Commission on November 26, 2007; (2) the Declaration of Terrence P. Bohan, executed November 26, 2007 and the Exhibits thereto; and (3) the memorandum of law in support of the Application. Based upon the foregoing documents, the Court finds that a proper showing, as required by Section 20(b) of the Securities Act, Section 21(d) of the Exchange Act, Section 209(e) of the Advisers Act and Section 42(d) of the Investment Company Act, has been made for the relief granted herein, for the following reasons:

    1.    It appears from the evidence presented that Defendants have violated, and, unless temporarily restrained, will continue to violate, Sections 5(a), 5(c) and 17(a) of the Securities Act and Sections 10(b) and 15(a) of the Exchange Act and Exchange Act Rule 10b-5, as charged in the Complaint;

    2.    It appears from the evidence presented that Defendant Rabinovich has violated, and, unless temporarily restrained, will continue to violate, Section 206(4) of the Advisers Act and Advisers Act Rule 206(4)-8, as charged in the Complaint, and that Defendant Lovaglio has aided and abetted Rabinovich's violations of Section 206(4) of the Advisers Act and Advisers Act Rule 206(4)-8 and, unless temporarily restrained, will continue to aid and abet Rabinovich's violations, as charged in the Complaint.

3

3.     It appears from the evidence presented that Defendant Rabinovich & Associates has violated, and unless temporarily restrained, will continue to violate, Section 7(a) of the Investment Company Act, as charged in the Complaint.

4.     It appears from the evidence presented that Rabinovich & Associates is under the control of Rabinovich as its general partner.

5.     It appears that Defendants may attempt to dissipate or transfer from the jurisdiction of this Court, funds, property and other assets that could be subject to an order of disgorgement or an order imposing civil penalties.

6.     It appears that an order freezing Defendants' assets, as specified herein, is necessary to preserve the status quo, and to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

7.     It appears that an order requiring each of the Defendants to provide a verified accounting of all assets, money and property held directly or indirectly by the Defendants, or by others for each of the Defendants' direct and indirect beneficial interest, is necessary to effectuate and ensure compliance with the freeze imposed on the Defendants' assets.

8.     It appears that an order prohibiting Defendants, their officers, agents, employees, attorneys, or other professionals, anyone acting in concert with them or on their behalf, and any third party from filing a bankruptcy petition without three (3) days' notice to the Commission and this Court is necessary to preserve the status quo and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

4

9.      It appears that Defendants may attempt to destroy, alter or conceal documents.

10.     Good and sufficient reasons have been shown why procedure other than by notice

of motion is necessary.

11.     This Court has jurisdiction over the subject matter of this action and over

Defendants, and venue properly lies in this District.

**NOW, THEREFORE,**

**I.**

**IT IS HEREBY ORDERED** that the Defendants show cause, if there be any, to this

Court at **10:00**   a.m. on the **12th** day of **December** 2007, in Room **6B** of the

United States Courthouse, 500 Pearl Street, New York, New York 10007-1312, why this Court

should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Section

20 of the Securities Act, Section 21 of the Exchange Act, Section 214 of the Advisers Act and

Section 42(d) of the Investment Company Act, preliminarily enjoining: (1) Defendants from

violating Sections 5(a), 5(c) and 17(a) of the Securities Act, Sections 10(b) and 15(a) of the

Exchange Act and Exchange Act Rule 10b-5; (2) Rabinovich and Lovaglio from violating

Section 206(4) of the Advisers Act and Advisers Act Rule 206(4)-8; and (3) Rabinovich &

Associates from violating Section 7(a) of the Investment Company Act.

**II.**

**IT IS FURTHER ORDERED** that Defendants show cause at that time why this Court

should not also enter an Order directing that, pending a final disposition of this action,

Defendants, and each of their financial and brokerage institutions, officers, agents, servants,

employees, attorneys-in-fact, and those persons in active concert or participation with them who

receive actual notice of such Order by personal service, facsimile service, telephonic notice,

5

notice by e-mail, or otherwise, and each of them, hold and retain within their control, and

otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation,

concealment or other disposal of any assets, funds, or other property (including money, real or

personal property, securities, commodities, choses in action or other property of any kind

whatsoever) of, held by, or under the direct or indirect control of Defendants, including, but not

limited to, entities owned or controlled by, related to, or associated or affiliated with Defendants

(the "Affiliated Entities"), whether held in any of their names or for any of their direct or indirect

beneficial interest wherever situated, in whatever form such assets may presently exist and

wherever located, and directing each of the financial or brokerage institutions, debtors and

bailees, or any other person or entity holding such assets, funds or other property of Defendants

to hold or retain within its control and prohibit the withdrawal, removal, transfer or other

disposal of any such assets, funds or other properties including, but not limited to: (1) all assets,

funds, or other properties held in the name of, held by, or under the control of Rabinovich &

Associates, LP; and (2) all assets, funds, or other properties held in the following accounts:

| Account Number | Name of Account Holder | Institution |
|---|---|---|
| 831-056-2058 | Rabinovich & Associates | Astoria Federal Savings |
| 172-65972 | Rabinovich & Associates | TradeStation Securities |

### III.

**IT IS FURTHER ORDERED** that Defendants show cause at that time why this Court

should not also enter an Order enjoining them, and any person or entity acting at their direction

or on their behalf, from destroying, altering, concealing or otherwise interfering with the access

of the Plaintiff Commission to any and all documents, books and records, that are in the possession, custody or control of Defendants, and each of their officers, agents, employees, servants, accountants, financial or brokerage institutions, attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting or relating to Defendants' finances or business operations, or the offer, purchase or sale of Rabinovich & Associates partnership interests, or the offer, purchase or sale of other securities sold by Rabinovich & Associates, LP, Rabinovich, or Lovaglio, and the use of proceeds therefrom.

**IV.**

**IT IS FURTHER ORDERED** that:

a.      Rabinovich and Lovaglio show cause at that time why this Court should not also enter an Order directing each of them to serve upon Plaintiff Commission, within three (3) business days, or within such extended time as the Commission agrees to, a verified written accounting signed by that Defendant setting out such Defendant's assets, liabilities and general financial condition under penalty of perjury.

b.      Rabinovich show cause at that time why this Court should not also enter an Order directing that he serve upon Plaintiff Commission, within three (3) business days, or within such extension of time as the Commission agrees to, a separate verified written accounting setting out the assets, liabilities, and general financial condition of Rabinovich & Associates.  Such accounting shall be signed, under penalty of perjury, by Rabinovich, and the officer or employee of Rabinovich &

7

Associates who is most knowledgeable about the assets, liabilities, and general

financial condition of Rabinovich & Associates if such officer or employee is

someone other than Rabinovich.

Each Defendant shall serve such verified written accountings by hand delivery, facsimile

transmission or overnight courier service on the Commission's counsel, Michael Paley, Esq.,

Securities and Exchange Commission, 3 World Financial Center, Room 400, New York, NY

10281.

## V.

**IT IS FURTHER ORDERED** that Defendants show cause at that time why this Court

should not also enter an Order preliminarily enjoining Defendants, and their officers, agents,

employees, attorneys, or other professionals, anyone acting in concert with them or on their

behalf, and any third party, from filing a bankruptcy proceeding on behalf of Defendant without

at least three (3) days' notice to the Commission and approval of this Court.

## VI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the

Application, Defendants, and each of them, their officers, agents, servants, employees, and

attorneys-in-fact, and those persons in active concert or participation with them who receive

actual notice of this Order by personal service, facsimile service, telephonic notice, notice by e-

mail or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert:

a.    unless a registration statement is in effect as to any security, (i) making use of any

means or instruments of transportation or communication in interstate commerce

or of the mails to sell such security through the use or medium of any prospectus

or otherwise, or (ii) carrying or causing to be carried through the mails or in

8

interstate commerce, by any means or instruments of transportation, any such

security for the purpose of sale or delivery; or

b.      making use of any means or instruments of transportation or communication in

interstate commerce or of the mails to offer to sell or offer to buy through the use

or medium of any prospectus or otherwise any security, unless a registration

statement has been filed as to such security, or while the registration statement is

the subject of a refusal or stop order or (prior to the effective date of the

registration statement) any public proceeding under Section 8 of the Securities

Act,

in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c).

## VII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the

Application, Defendants, and each of them, their officers, agents, servants, employees, and

attorneys-in-fact, and those persons in active concert or participation with them who receive

actual notice of this Order by personal service, facsimile service, telephonic notice, notice by e-

mail or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in

the offer, purchase or sale of any security, by use of any means or instruments of transportation

or communication in interstate commerce or by use of the mails:

a.      employing any device, scheme or artifice to defraud;

b.      obtaining money or property by means of an untrue statement of material fact or

omitting to state a material fact necessary to make the statements made, in light of

the circumstances under which they were made, not misleading; and

9

c.       engaging in any transaction, practice or course of business which operates or
                would operate as a fraud or deceit upon the purchaser,

in violation of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Rule
10b-5 thereunder.

## VIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the

Application, Defendants, and each of them, their officers, agents, servants, employees, and

attorneys-in-fact, and those persons in active concert or participation with him who receive

actual notice of this Order by personal service, facsimile service, telephonic notice, notice by e-

mail or otherwise, are temporarily restrained from, directly or indirectly, while not registered

with the Commission as a broker, making use of the mails or means and instrumentalities of

interstate commerce to effect transactions in, or to induce or attempt to induce the purchase or

sale of, securities, in violation of Section 15(a) of the Exchange Act.

## IX.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the

Application, Rabinovich and Lovaglio, and each of them, their officers, agents, servants,

employees, and attorneys-in-fact, and those persons in active concert or participation with them

who receive actual notice of this Order by personal service, facsimile service, telephonic notice,

notice by e-mail or otherwise, are temporarily restrained from, directly or indirectly, singly or in

concert by use of the mails or any means or instrumentality of interstate commerce, while acting

as an investment adviser to a pooled investment vehicle:

a.       Make any untrue statement of a material fact or to omit to state a material fact
                necessary to make the statements made, in the light of the circumstances under

10

which they were made, not misleading, to any investor or prospective investor in

the pooled investment vehicle; or

b.      Otherwise engage in any act, practice, or course of business that is fraudulent,

deceptive, or manipulative with respect to any investor or prospective investor in

the pooled investment vehicle,

in violation of Section 206(4) of the Advisers Act and Rule 206(4)-8.

## X.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the

Application, Defendant Rabinovich & Associates, and its officers, agents, servants, employees,

and attorneys-in-fact, and those persons in active concert or participation with it who receive

actual notice of this Order by personal service, facsimile service, telephonic notice, notice by e-

mail or otherwise, are temporarily restrained from, directly or indirectly, while not registered as

an investment company, from offering to sell, selling, delivering after sale to the public,

purchasing or otherwise acquiring or attempting to acquire securities by the use of the mails or

another means or instrumentality of interstate commerce, in violation of Section 7(a) of the

Investment Company Act.

## XI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the

Application, Defendants, and each of their financial and brokerage institutions, officers, agents,

servants, employees, attorneys-in-fact, and those persons in active concert or participation with

them who receive actual notice of such Order by personal service, facsimile service, telephonic

notice, notice by e-mail or otherwise, and each of them, are temporarily restrained to hold and

retain within their control, and otherwise prevent, any withdrawal, transfer, pledge,

encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or

other property (including money, real or personal property, securities, commodities, choses in

action or other property of any kind whatsoever) of, held by, or under the direct or indirect

control of Defendants, including, but not limited to the Affiliated Entities, whether held in any

of their names or for any of their direct or indirect beneficial interest wherever situated, in

whatever form such assets may presently exist and wherever located, and directing each of the

financial or brokerage institutions, debtors and bailees, or any other person or entity holding

such assets, funds or other property of Defendants to hold or retain within its or his control and

prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other

properties including, but not limited to: (1) all assets, funds, or other properties held in the name

of, held by, or under the control of Rabinovich & Associates, LP; and (2) all assets, funds, or

other properties held in the following accounts:

12

| Account Number | Name of Account Holder | Institution |
|---|---|---|
| 831-056-2058 | Rabinovich & Associates, LP | Astoria Federal Savings |
| 172-65972 | Rabinovich & Associates | TradeStation Securities |

## XII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction:

1.　　Rabinovich and Lovaglio each shall file with this Court and serve upon Plaintiff, within three (3) business days, or within such extended time as the Commission agrees to, a verified written accounting, under penalty of perjury, of:

      a.　　All assets, liabilities and property currently held, directly or indirectly, by or for the benefit of Rabinovich and Lovaglio, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

      b.　　All money, property, assets and income received by Rabinovich and Lovaglio, and each of them, or for their direct or indirect benefit, at any time from December 1, 2002 through the date of such accounting, describing the source, amount, disposition and current location of each of the items listed;

13

c.   The names and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds or property of Rabinovich and Lovaglio; and

d.   All assets, funds, securities, and real or personal property received by Rabinovich and Lovaglio, and each of them, or any other person controlled by them, from persons who provided money to them in connection with the offer, purchase or sale of Rabinovich & Associates partnership interests, or the offer, purchase or sale of any securities sold by Rabinovich & Associates, Rabinovich or Lovaglio, from December 1, 2002 to the date of the accounting, and the disposition of such assets, funds, securities, real or personal property; and

2.   Rabinovich shall file with this Court and serve upon Plaintiff, within three (3) business days, or within such extension of time as the Commission agrees to, a verified written accounting signed, under penalty of perjury, by Rabinovich and the officer or employee of Rabinovich & Associates who is most knowledgeable about the assets, liabilities, and general financial condition of Rabinovich & Associates, if any, of:

a.   All assets, liabilities and property currently held, directly or indirectly, by or for the benefit of Rabinovich & Associates, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

14

      b.     All money, property, assets and income received by Rabinovich &

           Associates, or for its direct or indirect benefit, at any time from December

           1, 2002 through the date of such accounting, describing the source,

           amount, disposition and current location of each of the items listed;

      c.     The names and last known addresses of all bailees, debtors, and other

           persons and entities that currently are holding the assets, funds or property

           of Rabinovich & Associates; and

      d.     All assets, funds, securities, and real or personal property received by

           Rabinovich & Associates, or any other person controlled by it, from

           persons who provided money to Rabinovich & Associates in connection

           with the offer, purchase or sale of Rabinovich & Associates partnership

           interests, or the offer, purchase or sale of any securities sold by

           Rabinovich & Associates, Rabinovich or Lovaglio, from December 2002

           to the date of the accounting, and the disposition of such assets, funds,

           securities, real or personal property.

Each Defendant shall serve such verified written accountings by hand delivery, facsimile

transmission or overnight courier service on the Commission's counsel, Michael Paley, Esq.,

Securities and Exchange Commission, 3 World Financial Center, Room 400, New York, NY

10281.

## XIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the

Commission's Application for a Preliminary Injunction, Defendants, and any person or entity

acting at their direction or on their behalf, be and hereby are (1) enjoined and restrained from

destroying, altering, concealing or otherwise interfering with the access of Plaintiff Commission

to any and all documents, books, and records that are in the possession, custody or control of

Defendants and each of their respective officers, agents, employees, servants, accountants,

financial or brokerage institutions, or attorneys-in-fact, subsidiaries, affiliates, predecessors,

successors and related entities, including, but not limited to, the Affiliated Entities, that refer,

reflect or relate to the allegations in the Complaint, including, without limitation, documents,

books and records referring, reflecting or relating to Defendants' finances or business operations,

or the offer, purchase or sale of Rabinovich & Associates partnership interests or the offer,

purchase or sale of other securities offered or sold by Rabinovich & Associates, Rabinovich, or

Lovaglio, and the use of proceeds therefrom.

## XIV.

**IT IS FURTHER ORDERED** that no creditor or claimant against any of Defendants, or

any person acting on behalf of such creditor or claimant, shall take any action to interfere with

the control, possession, or management of the assets.

## XV.

**IT IS FURTHER ORDERED** that discovery is expedited as follows: pursuant to Rules

26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and without the

requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), the parties may:

16

1.    Take depositions, subject to two (2) calendar days' notice by facsimile or
      otherwise;

2.    Obtain the production of documents, within three (3) calendar days from service
      by facsimile or otherwise of a request or subpoena from any persons or entities,
      including non-party witnesses;

3.    Obtain other discovery, including further interrogatories, requests for admissions,
      and requests to inspect the premises and files of Rabinovich & Associates within
      three (3) calendar days from the date of service by facsimile or otherwise of such
      other discovery requests, interrogatories, requests for admissions or requests for
      inspection;

4.    Service of any discovery requests, notices, or subpoenas may be made by
      personal service, facsimile, overnight courier, e-mail, or first-class mail on an
      individual, entity or the individual's or entity's attorney; and

5.    This order expediting discovery that will remain in place beyond any hearing on
      the Commission's application for preliminary injunctions.

### XVI.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the

Commission's Application be served upon the Defendant Rabinovich & Associates on or before

__5:00p__, November __26__ 2007, by personal delivery, facsimile, overnight courier, or first

class mail to their last known addresses; and on Defendants Rabinovich and Lovaglio on or

before __5:00 p.m.__ November __11__ 2007, by delivering a copy to the individual personally, or

by leaving copies of this Order and the papers supporting the Commission's Application at

Defendants Rabinovich and Lovaglio's dwelling house or usual place of abode with some person

*to Salvatore Strazzullo, Esq., counsel for defendants*

17

~~of suitable age and discretion residing therein, or on an agent authorized by appointment or by~~
~~law to receive service of process.~~

## XVII.

**IT IS FURTHER ORDERED** that the Defendants shall deliver any opposing papers in response to the Order to Show Cause above no later than _Dec. 3_ , _2007, at 4:00 p.m. Service shall be made by delivering the papers, using the most expeditious means available, by that date and time, to the New York Regional Office of the Commission at 3 World Financial Center, Room 400, New York, New York 10281, Attn: Michael Paley, Esq., or such other place as counsel for the Commission may direct in writing. The Commission shall have until _Dec. 10_ , ___, 2007, at 5:00 p.m., to serve, by the most expeditious means available, any reply papers upon the Defendants, or upon their counsel, if counsel shall have made an appearance in this action.

## XVIII.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon Defendants and each of their respective officers, agents, servants, employees, attorneys-in-fact, subsidiaries, affiliates and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, telephone, e-mail or otherwise.

UNITED STATES DISTRICT JUDGE

Issued at :     __3__ : __25__ _p_.m.
November __26__ , 2007
New York, NY

18