MARK K. SCHONFELD (MS-2798)
REGIONAL DIRECTOR
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
Northeast Regional Office
3 World Financial Center – RM 400
New York, NY 10281
(212) 336-01

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                          Plaintiff,

               - against -

RABINOVICH & ASSOCIATES, LP,                  07 Civ. 10547 (GEL)
ALEX RABINOVICH,
JOSEPH LOVAGLIO,

                          Defendants.
------------------------------------------------------------------------x

LOCAL RULE 6.1(d) DECLARATION OF
MICHAEL PALEY IN SUPPORT OF PLAINTIFF'S EMERGENCY
APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY
INJUNCTION, ASSET FREEZE AND OTHER RELIEF

I, Michael Paley, pursuant to 28 U.S.C. § 1746, declare as follows:

        1.     I am a member of the bar of State of New York and a member of the bar of this Court. I am employed by Plaintiff Securities and Exchange Commission (the "Commission") in the Commission's New York Regional Office. I make this declaration pursuant to Local Civil Rule 6.1(d) to show that good and sufficient reasons exist for bringing the Commission's application (the "Application") for a preliminary injunction and temporary restraining order, among other things, enjoining defendants from violating the federal securities laws, freezing

defendants' assets, directing defendants to provide immediate accountings and related relief, by order to show cause rather than by notice of motion. No previous application for similar relief has been made.

2. The Commission makes this application for emergency relief by order to show cause to: (i) preserve the status quo pending adjudication of the application; (ii) ensure that any future judgment of this Court for disgorgement, prejudgment interest and penalties will not be rendered meaningless; (iii) halt ongoing violations of the federal securities laws; and (iv) prevent the destruction or fabrication of evidence. The Commission believes that to proceed by notice of motion may jeopardize the Court's ability to grant full and effective relief both as to this Application and the merits of the Complaint.

3. As alleged in the Complaint filed by the Commission on November 26, 2007, and the Declaration of Terrence Bohan, executed November 26, 2007 and the exhibits thereto ("Bohan Delcaration"), and the accompanying memorandum of law, Defendants have been defrauding the investing public by conducting an unregistered fraudulent offering of securities, and operating as an unregistered broker-dealer and unregistered investment company, and, unless temporarily restrained and preliminarily enjoined, will continue to violate the antifraud provisions of the federal securities laws and attempt to hide and dissipate assets. Because of the substantial harm to the investing public that would result from Defendants' continued fraudulent conduct, it is necessary for the Commission to seek the relief requested in the Application by way of an order to show cause.

4. Specifically, as set forth in the Complaint, Bohan Declaration, and accompanying memorandum of law, this Application concerns an ongoing, fraudulent securities offering by Alex Rabinovich, Rabinovich & Associates, LP, an unregistered investment company and

unregistered broker-dealer managed by Rabinovich, and Joseph Lovaglio, a salesman and managing director at Rabinovich & Associates. Operating out of a storefront boiler room in Brooklyn, the defendants are selling limited partnership interests in Rabinovich & Associates (sometimes referred to hereafter as the "Fund" or the "firm") and other securities to investors, including senior citizens and retirees.

5. The defendants raise money by cold-calling and have made, and are continuing to make, fraudulent statements to investors and prospective investors in the Fund, including: (1) false claims that the Fund has been extraordinarily profitable whereas the Fund's actual performance has been dismal; and (2) false representations that Rabinovich & Associates is a Wall Street firm and a member of the NASD, the New York Stock Exchange ("NYSE"),[1] and the Securities Investor Protection Corporation ("SIPC"). The defendants have also failed to disclose to investors that Rabinovich has been barred by the NASD from associating with any broker or dealer and that there is a pending FINRA action seeking to bar Lovaglio from associating with any broker or dealer.

6. The defendants appear to have raised at least $550,000 from at least twenty-three investors, and to have lost most of that money, even while providing investors with quarterly account statements that reflect large gains and "dividends" in every period. Moreover, the defendants are continuing to solicit investments in the Fund and other securities and are continuing to lull existing investors with false account statements.

7. In addition to committing fraud, the defendants are illegally operating as unregistered broker-dealers and unlawfully offering and selling securities in an unregistered offering; and defendant Rabinovich & Associates is illegally operating as an unregistered

investment company.

8.  This case presents an emergency because the fraud is ongoing. Defendants are continuing to solicit prospective investors by telephone calls and through their website. There is substantial evidence that these Defendants present a continuing risk to the investing public. Without an asset freeze, the Defendants may further deplete remaining funds under their control.

9.  The Commission's past experience is that persons who violate the federal securities laws by engaging in illegal schemes often attempt to move or dissipate assets, which makes it much more difficult, if not impossible, for the Commission to secure appropriate relief in the public interest in its subsequent enforcement proceedings.

10. The Commission staff has advised Defendants of its intent to file the Complaint and Application by speaking with Daniel Braver at approximately 11:15 o'clock a.m. on Monday November 26, 2007. I also left a voice message at the telephone number on Rabinovich's business card, which he provided to the staff on November 7, 2007. In addition, I sent an email to Lovaglio and Rabinovich at the email addresses on their business cards.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 26, 2007

Michael Paley (MP-6035)

---

[1]  The NASD and the NYSE member regulation, enforcement, and arbitration operations have been consolidated, effective July 30, 2007, creating the Financial Industry Regulatory Authority, Inc. ("FINRA").