# CyberTrader®
A Charles Schwab Company

**Member NASD/SIPC**
12401 Research Blvd
Bldg 2, Suite 350
Austin, TX 78759
(512) 320-5444

## Statement of Account

**Statement Period**
December 1,2006 to December 31,2006

**Account Information**
Account Number:   19571959

RABINOVICH & ASSOCIATES LP

### Account Activity

| Entry/Trade Date | Account Type | Transaction | Quantity | Description | Price | Amount |
|---|---|---|---|---|---|---|
| 12/18/06 | Short | Bought | 700 | RESEARCH IN MOTION LTD NBLA4 CA7609751028 2407320 | 137.15 | (96,014.95) |
| 12/18/06 | Short | Bought | 500 | RESEARCH IN MOTION LTD NBM82 CA7609751028 2407320 | 137.69 | (68,854.95) |
| 12/18/06 | Short | Bought | 500 | RESEARCH IN MOTION LTD NBM31 CA7609751028 2407320 | 137 1/2 | (68,759.95) |
| 12/18/06 | Short | Bought | 500 | RESEARCH IN MOTION LTD NBNGL CA7609751028 2407320 | 137.58 | (68,790.00) |
| 12/18/06 | Short | Sold | -500 | RESEARCH IN MOTION LTD NBNI4 CA7609751028 2407320 | 138 1/4 | 69,112.92 |
| 12/18/06 | Short | Sold | -500 | RESEARCH IN MOTION LTD NBOO2 CA7609751028 2407320 | 138.2 | 69,097.87 |
| 12/18/06 | Short | Bought | 500 | RESEARCH IN MOTION LTD NBQJ2 CA7609751028 2407320 | 137.2 | (68,600.00) |
| 12/18/06 | Short | Bought | 500 | RESEARCH IN MOTION LTD NBSTP CA7609751028 2407320 | 137.313 | (66,656.50) |
| 12/18/06 | Short | Bought | 500 | RESEARCH IN MOTION LTD NBSOI CA7609751028 2407320 | 137.66 | (68,830.00) |
| 12/18/06 | Short | Mark to Market | | SHORT ACCT. MARK TO MARKET | | (2,736.63) |
| 12/20/06 | Short | Sold | -500 | RESEARCH IN MOTION LTD NB9OT CA7609751028 2407320 | 133.718 | 66,846.99 |

ACCOUNTS CARRIED BY PENSON FINANCIAL SERVICES, INC.   ● MEMBER NASD AND SIPC

## CyberTrader ®
### A Charles Schwab Company

**Member NASD/SIPC**
12401 Research Blvd
Bldg 2, Suite 350
Austin, TX 78759
(512) 320-5444

# Statement of Account

**RABINOVICH & ASSOCIATES LP**

**Account Information**
Account Number: 19571959

**Statement Period**
December 1,2006 to December 31,2006

### Account Activity

| Entry/Trade Date | Account Type | Transaction | Quantity | Description | Price | Amount |
|---|---|---|---|---|---|---|
| 12/20/06 | Short | Sold | -200 | RESEARCH IN MOTION LTD NBB20 CA7609751028 2407320 | 135.01 | 27,001.17 |
| 12/20/06 | Short | Sold | -1,000 | RESEARCH IN MOTION LTD NBBS8 CA7609751028 2407320 | 134 1/4 | 134,235.92 |
| 12/20/06 | Short | Sold | -400 | RESEARCH IN MOTION LTD 1A7V3 CA7609751028 2407320 | 135.01 | 54,002.34 |
| 12/20/06 | Short | Sold | -500 | RESEARCH IN MOTION LTD NBCG5 CA7609751028 2407320 | 134.35 | 67,172.93 |
| 12/20/06 | Short | Bought | 50 | RESEARCH IN MOTION LTD R4594 CA7609751028 2407320 | 134.97 | (6,758.45) |
| 12/20/06 | Short | Bought | 100 | RESEARCH IN MOTION LTD R4655 CA7609751028 2407320 | 134.63 | (13,472.95) |
| 12/20/06 | Short | Sold | -500 | RESEARCH IN MOTION LTD NBDUY CA7609751028 2407320 | 134.536 | 67,265.93 |
| 12/20/06 | Short | Bought | 2,525 | RESEARCH IN MOTION LTD NBEJL CA7609751028 2407320 | 134.9717822 | (340,803.75) |
| 12/20/06 | Short | Bought | 300 | RESEARCH IN MOTION LTD R4960 CA7609751028 2407320 | 134.6833333 | (40,405.00) |
| 12/20/06 | Short | Sold | -200 | RESEARCH IN MOTION LTD NBH6X CA7609751028 2407320 | 134.455 | 26,880.22 |

ACCOUNTS CARRIED BY PENSON FINANCIAL SERVICES, INC.    ● MEMBER NASD AND SIPC

# CyberTrader®
A Charles Schwab Company

**Member NASD/SIPC**
12401 Research Blvd
Bldg 2, Suite 350
Austin, TX 78769
(512) 320-5444

**Statement of Account**

**Statement Period**
December 1,2006 to December 31,2006

**Account Information**
Account Number:    19571959

**RABINOVICH & ASSOCIATES LP**

## Account Activity

| Entry/Trade Date | Account Type | Transaction | Quantity | Description | Price | Amount |
|---|---|---|---|---|---|---|
| 12/20/06 | Short | Sold | -50 | RESEARCH IN MOTION LTD NBHI49 CAT609751028 2407320 | 135 | 6,739.84 |
| 12/20/06 | Short | Sold | -500 | RESEARCH IN MOTION LTD NBHI90 CAT609751028 2407320 | 134.41 | 67,192.98 |
| 12/20/06 | Short | Sold | -500 | RESEARCH IN MOTION LTD NBHN5 CAT609751028 2407320 | 134.41 | 67,192.98 |
| 12/20/06 | Short | Sold | -600 | RESEARCH IN MOTION LTD NBHGH CAT609751028 2407320 | 135.01 | 80,993.56 |
| 12/20/06 | Short | Sold | -1,000 | RESEARCH IN MOTION LTD NBI49 CAT609751028 2407320 | 134.86 | 134,845.90 |
| 12/20/06 | Short | Bought | 475 | RESEARCH IN MOTION LTD NBHYO CAT609751028 2407320 | 134.6436842 | (63,955.75) |
| 12/20/06 | Short | Bought | 500 | RESEARCH IN MOTION LTD NBI1V CAT609751028 2407320 | 133.6 | (66,809.95) |
| 12/20/06 | Short | Bought | 500 | RESEARCH IN MOTION LTD NBIW3 CAT609751028 2407320 | 134.7 | (67,350.00) |
| 12/20/06 | Short | Bought | 200 | RESEARCH IN MOTION LTD 1AH3E CAT609751028 2407320 | 134.685 | (26,937.00) |
| 12/20/06 | Short | Bought | 300 | RESEARCH IN MOTION LTD 1AH4E CAT609751028 2407320 | 134.9833333 | (40,495.00) |

ACCOUNTS CARRIED BY PENSON FINANCIAL SERVICES, INC.    • MEMBER NASD AND SIPC

# CyberTrader®
A Charles Schwab Company

**Member NASD/SIPC**
12401 Research Blvd
Bldg 2, Suite 350
Austin, TX 78759
(512) 320-5444

# Statement of Account

**Statement Period**
December 1,2006 to December 31,2006

**Account Information**
Account Number: 19571959

RABINOVICH & ASSOCIATES LP

## Account Activity

| Entry/Trade Date | Account Type | Transaction | Quantity | Description | Price | Amount |
|---|---|---|---|---|---|---|
| 12/20/06 | Short | Bought | 500 | RESEARCH IN MOTION LTD NBJ8E CA7609751028 2407320 | 134.698 | (67,358.95) |
| 12/20/06 | Short | Bought | 500 | RESEARCH IN MOTION LTD NBJAZ CA7609751028 2407320 | 134.684 | (67,342.00) |
| 12/20/06 | Short | Mark to Market | | SHORT ACCT. MARK TO MARKET | | 1,288.64 |
| 12/20/06 | Short | Sold | -4,400 | SIGA TECHNOLOGIES INC NBBUD | 4.51 | 19,833.44 |
| 12/20/06 | Short | Sold | -600 | SIGA TECHNOLOGIES INC 1A9L0 | 4.51 | 2,705.91 |
| 12/20/06 | Short | Bought | 4,200 | SIGA TECHNOLOGIES INC NBDYI | 4 1/2 | (18,909.95) |
| 12/20/06 | Short | Bought | 800 | SIGA TECHNOLOGIES INC 1AB26 | 4 1/2 | (3,600.00) |
| 12/27/06 | Short | Mark to Market | | SHORT ACCT. MARK TO MARKET | | 11,032.00 |

**Total: Short Account Balance** — 11,032.00

**Scudder MM Port**

| | | | | Description | Price | Amount |
|---|---|---|---|---|---|---|
| | MoneyFund | | | OPENING BALANCE | | 134,447.21 |
| 12/01/06 | MoneyFund | Received | | DEPOSIT: MM PORTFOLIO | | 3.33 |
| 12/06/06 | MoneyFund | Disbursed | | REDEEM: MM PORTFOLIO | | (11,892.45) |
| 12/06/06 | MoneyFund | Disbursed | | REDEEM SD MM PORTFOLIO | | (7,015.00) |
| 12/07/06 | MoneyFund | Received | | DEPOSIT: MM PORTFOLIO | | 14,458.74 |
| 12/11/06 | MoneyFund | Disbursed | | REDEEM SD MM PORTFOLIO | | (18,015.00) |
| 12/19/06 | MoneyFund | Received | | DEPOSIT: MM PORTFOLIO | | 3,529.40 |
| 12/19/06 | MoneyFund | Disbursed | | REDEEM SD MM PORTFOLIO | | (460.00) |
| 12/21/06 | MoneyFund | Disbursed | | REDEEM: MM PORTFOLIO | | (10,879.67) |
| 12/22/06 | MoneyFund | Received | | DEPOSIT: MM PORTFOLIO | | 273.06 |

# Statement of Account

**CyberTrader®**
A Charles Schwab Company

Member NASD/SIPC
12401 Research Blvd
Bldg 2, Suite 350
Austin, TX 78759
(512) 320-5444

| Account Information | |
|---|---|
| Account Number: | 19571959 |

**Statement Period**
December 1,2006 to December 31,2006

RABINOVICH & ASSOCIATES LP

## Account Activity

| Entry/Trade Date | Account Type | Transaction | Quantity | Description | Price | Amount |
|---|---|---|---|---|---|---|
| 12/28/06 | MoneyFund | Disbursed | | REDEEM: MM PORTFOLIO | | (20,699.96) |
| 12/29/06 | MoneyFund | Money Fund Dividends | | 4.376% 12/01-12/29   11490 | | 399.50 |
| **Total: Scudder MM Port Balance** | | | | | | **84,149.16** |

## Trades Pending Settlement

| Trade Date | Account Type | Transaction | Quantity | Description | Price | Amount |
|---|---|---|---|---|---|---|
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NASLZ | 77.31 | 38,643.86 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAWW7 | 77.91 | 38,953.80 |
| 12/27/06 | Short | Sold | -1,000 | APPLE COMPUTER INC NAY3W | 79.85 | 79,837.59 |
| 12/27/06 | Short | Sold | -100 | APPLE COMPUTER INC R2226 | 77.44 | 7,743.76 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAXT8 | 80.17 | 40,083.76 |
| 12/27/06 | Short | Sold | -300 | APPLE COMPUTER INC NAXWJ | 77.48 | 23,243.28 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAXKX | 77.59 | 38,783.85 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAXX8 | 81.35 | 40,663.80 |
| 12/27/06 | Short | Sold | -1,200 | APPLE COMPUTER INC R2266 | 79.01 | 94,809.08 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAYOT | 81.16 | 40,568.80 |
| 12/27/06 | Short | Sold | -400 | APPLE COMPUTER INC NAZ4B | 81.15 | 32,459.00 |

ACCOUNTS CARRIED BY PENSON FINANCIAL SERVICES, INC.   ● MEMBER NASD AND SIPC

# Statement of Account

**CyberTrader®**
A Charles Schwab Company

Member NASD/SIPC
12401 Research Blvd
Bldg 2, Suite 350
Austin, TX 78759
(512) 320-5444

**Account Information**

Account Number: 19571959

**Statement Period**

December 1,2006 to December 31,2006

RABINOVICH & ASSOCIATES LP

*Trades Pending Settlement*

| Trade Date | Account Type | Transaction | Quantity | Description | Price | Amount |
|---|---|---|---|---|---|---|
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NASA5 | 77.79 | 38,893.80 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAYMQ | 79.95 | 39,973.77 |
| 12/27/06 | Short | Sold | -100 | APPLE COMPUTER INC R2326 | 81.15 | 8,104.80 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAZ83 | 79.97 | 39,973.82 |
| 12/27/06 | Short | Sold | -300 | APPLE COMPUTER INC 1A5HZ | 80.07 | 24,020.26 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAYYX | 77.55 | 38,773.80 |
| 12/27/06 | Short | Sold | -100 | APPLE COMPUTER INC NAZI3 | 80.07 | 8,006.75 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAZGV | 81.52 | 40,758.74 |
| 12/27/06 | Short | Sold | -200 | APPLE COMPUTER INC 1A5TQ | 77.44 | 15,487.52 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAZDG | 80.14 | 40,058.81 |
| 12/27/06 | Short | Sold | -99 | APPLE COMPUTER INC R2382 | 80.24 | 7,943.51 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAZC7 | 81.35 | 40,673.75 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAZDX | 79.82 | 39,898.82 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAZ3W | 80.11 | 40,053.77 |
| 12/27/06 | Short | Sold | -1,600 | APPLE COMPUTER INC 1A66O | 81.46 | 130,331.99 |

ACCOUNTS CARRIED BY PENSON FINANCIAL SERVICES, INC.    ● MEMBER NASD AND SIPC

# CyberTrader®
A Charles Schwab Company

Member NASD/SIPC
12401 Research Blvd
Bldg 2, Suite 350
Austin, TX 78759
(512) 320-5444

## Statement of Account

**Account Information**
Account Number: 19571959

**Statement Period**
December 1,2006 to December 31,2006

RABINOVICH & ASSOCIATES LP

### Trades Pending Settlement

| Trade Date | Account Type | Transaction | Description | Quantity | Price | Amount |
|---|---|---|---|---|---|---|
| 12/27/06 | Short | Sold | APPLE COMPUTER INC 1A6F1 | -101 | 80.24 | 8,103.99 |
| 12/27/06 | Short | Sold | APPLE COMPUTER INC NAZVD | -500 | 81.2 | 40,588.80 |
| 12/27/06 | Short | Sold | APPLE COMPUTER INC 1A6TM | -500 | 81.46 | 40,728.74 |
| 12/27/06 | Short | Bought | APPLE COMPUTER INC NB0TG | 4,500 | 81 1/2 | (366,759.95) |
| 12/27/06 | Short | Sold | APPLE COMPUTER INC NB0GF | -4,500 | 81.85 | 368,303.74 |
| 12/27/06 | Short | Sold | APPLE COMPUTER INC NB159 | -2,000 | 81.51 | 163,014.99 |
| 12/27/06 | Short | Bought | APPLE COMPUTER INC NB1DM | 3,616 | 78.3 | (283,132.80) |
| 12/27/06 | Short | Bought | APPLE COMPUTER INC NB1ZO | 1,600 | 80.94 | (129,513.95) |
| 12/27/06 | Short | Bought | APPLE COMPUTER INC NB26E | 4,500 | 79 1/2 | (357,759.95) |
| 12/27/06 | Short | Sold | APPLE COMPUTER INC NB38U | -500 | 77.7 | 38,838.85 |
| 12/27/06 | Short | Sold | APPLE COMPUTER INC NB3M5 | -500 | 77.71 | 38,853.80 |
| 12/27/06 | Short | Sold | APPLE COMPUTER INC NB3OW | -2,900 | 81.4613793 | 236,220.79 |
| 12/27/06 | Short | Sold | APPLE COMPUTER INC R2831 | -100 | 80.07 | 8,006.75 |
| 12/27/06 | Short | Sold | APPLE COMPUTER INC NB41Z | -2,500 | 81.45 | 203,608.79 |
| 12/27/06 | Short | Sold | APPLE COMPUTER INC NB3Q3 | -200 | 77.44 | 15,487.52 |

ACCOUNTS CARRIED BY PENSON FINANCIAL SERVICES, INC.   • MEMBER NASD AND SIPC

# CyberTrader®
A Charles Schwab Company

Member NASD/SIPC
12401 Research Blvd
Bldg 2, Suite 350
Austin, TX 78759
(512) 320-5444

## Statement of Account

| | | | | Account Information | | Statement Period | |
| | | | | Account Number: | 19571959 | December 1,2006 to December 31,2006 | |

RABINOVICH & ASSOCIATES LP

**Trades Pending Settlement**

| Trade Date | Account Type | Transaction | Quantity | Description | Price | Amount |
|---|---|---|---|---|---|---|
| 12/27/06 | Short | Sold | -2,500 | APPLE COMPUTER INC NB3Q6 | 79.00652 | 197,500.28 |
| 12/27/06 | Short | Sold | -200 | APPLE COMPUTER INC 1AAWA | 77.48 | 15,495.52 |
| 12/27/06 | Short | Sold | -800 | APPLE COMPUTER INC 1AAWG | 79.02 | 63,214.05 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NB4B2 | 81.35 | 40,673.75 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NB467 | 81 1/4 | 40,613.80 |
| 12/27/06 | Short | Bought | 4,500 | APPLE COMPUTER INC NB3VV | 81.84 | (368,289.95) |
| 12/27/06 | Short | Bought | 4,500 | APPLE COMPUTER INC NB4ZL | 81.3913333 | (366,270.95) |
| 12/27/06 | Short | Bought | 3,000 | APPLE COMPUTER INC 1AC89 | 80.9386666 | (242,816.00) |
| 12/27/06 | Short | Bought | 100 | APPLE COMPUTER INC R2993 | 80.95 | (8,095.00) |
| 12/27/06 | Short | Bought | 4,500 | APPLE COMPUTER INC 1ACH7 | 81.59 | (367,164.95) |
| 12/27/06 | Short | Bought | 884 | APPLE COMPUTER INC 1ACJQ | 78.3 | (69,227.15) |

# CyberTrader®
A Charles Schwab Company

**Member NASD/SIPC**
12401 Research Blvd
Bldg 2, Suite 350
Austin, TX 78759
(512) 320-5444

## Statement of Account

**Statement Period**
December 1,2006 to December 31,2006

RABINOVICH & ASSOCIATES LP

**Account Information**

| Account Number: | 19571959 |
| --- | --- |

Settled Trades Summary:

| | | |
| --- | --- | --- |
| TOTAL PURCHASED (USD): | 4,438,657.47 | TOTAL SHARES PURCHASED: | 58,955.00 |
| TOTAL SOLD (USD): | 4,424,018.59 | TOTAL SHARES SOLD: | 58,855.00 |

Penson will be charging the 2007 annual fee for Retirement Accounts on Thursday, February 1st, 2006. If you prefer, you may send a check to cover this fee without affecting your contribution limit. Please include the Penson Deposit slip with the option "Fee Payment" clearly marked. Please forward your deposit to Penson at the following address:

Penson Financial Services, Inc.
1700 Pacific Avenue, Suite 1400
Dallas, TX 75201
ATTN: IRA Department

SIPC does not cover commodity contracts and options on futures.

DPP and REIT securities are generally illiquid and the estimated value of these securities may not be realized upon liquidation of the security. The value of the security will differ from the purchase price. In the event valuations are provided, they will be based upon estimated values obtained from the issuer's annual report. However, in some cases accurate valuation information is not available and will not be provided.

NASD has filed with the SEC a proposed rule change to amend NASD Rule 2340 to require that account statements include a statement that advises each customer to promptly report any inaccuracy or discrepancy in that person's account to his or her brokerage firm and clearing firm (where these are different firms) and to re-confirm any oral communications in writing. http://www.nasd.com/stellent/groups/rules_regs/documents/rule_filing/nasdw_011958.pdf

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day your payment is received, and you will not receive your check back from your financial institution. Please contact your broker if you have questions about electronic check collection or do not want your payments collected electronically.

Pursuant to SEC Rule 606, Penson Financial Services, Inc. is required to make publicly available a quarterly report with regard to its routing of non-directed orders. For the purpose of this Rule, we have entered into an agreement with Quantum5 Market Surveillance * Division of S3 Matching Technologies * to disclose all required information pertaining to this rule. ftp://public.s3.com/11ac1-6/pfsi

THE NASD REQUIRES THAT WE NOTIFY YOU IN WRITING OF THE AVAILABILITY OF AN INVESTOR BROCHURE THAT INCLUDES INFORMATION DESCRIBING THE NASD'S PUBLIC DISCLOSURE PROGRAM ('PROGRAM'). TO OBTAIN A BROCHURE OR MORE INFORMATION ABOUT THE PROGRAM OR NASD, CONTACT THE NASD PROGRAM HOTLINE AT (800) 289-9999 OR ACCESS THE NASD WEB SITE AT www.nasdbrokercheck.com

* End of Statement *

ACCOUNTS CARRIED BY PENSON FINANCIAL SERVICES, INC.    • MEMBER NASD AND SIPC

# CyberTrader®
A Charles Schwab Company

Member NASD/SIPC
12401 Research Blvd
Bldg 2, Suite 350
Austin, TX 78759
(512) 320-5444

# Statement of Account

RABINOVICH & ASSOCIATES LP
2250 E 4TH ST
APT 2c
BROOKLYN NY 11223-4808

**Account Information**

| | |
|---|---|
| Account Number: | 19571959 |
| Financial Advisor #: | CY00 |

**Statement Period**

January 1, 2007 to January 31, 2007

**Your Financial Advisor**

CYBERTRADER, INC. HOUSE REP
(512) 320-5444

**Office Serving You**

12401 Research Blvd, Bldg 2, Suite 350
Austin, TX 78759
(512) 320-5444

## Account Value

| Asset Category | Current Value 01/31/07 | Prior Value 12/31/06 | Percent of Acct Assets | Estimated Annual Income | Estimated Current Yield |
|---|---|---|---|---|---|
| Money Fund Balance | 84,481.59 | 84,149.16 | 100.00% | 3,691.00 | 4.37% |
| Options, Rights, Warrants | 0.00 | 1,000.00 | | | |
| Total: Portfolio Values | 84,481.59 | 85,149.16 | 100.00% | 3,691.00 | 4.37% |
| Less: Margin Loan Balance | 0.00 | 0.00 | | | |
| Total Account Value | 84,481.59 | 85,149.16 | 100.00% | 3,691.00 | 4.37% |
| Short Account Balance | 0.00 | 11,032.00 | | | |

## Income Summary

| | This Period | Year to Date |
|---|---|---|
| Money Fund Dividends | 332.43 | 332.43 |
| Total Income | 332.43 | 332.43 |

## Asset Allocation

CASH + MNYMKT
100.00%

ACCOUNTS CARRIED BY PENSON FINANCIAL SERVICES, INC.   ● MEMBER NASD AND SIPC

The Account of the Customer is subject to the following terms and conditions ("Agreement") which the Customer agrees to, and accepts by use, maintenance and/or continuation of the Account notwithstanding any notice or statement of intention to You to the contrary.

1. **Definitions.** "Account" shall refer individually and collectively to all accounts which the Customer has previously opened, now has open or may open in the future, in which the Customer has any interest, with You or any Introducing Broker, and any and all previous, current and future transactions in such accounts. "Customer" refers to the individual(s) and/or entity(ies) on whose behalf an Account is carried. "You," "Your" and "Yours" refers to the firm with which the Customer may have any interest in an Account, "Introducing Broker" means any brokerage firm which introduces securities transactions on behalf of the Customer, which transactions are cleared through You, whether one or more, "whether now existing or hereafter opened by said general partner, which is a successor to your business. The word "Property" means all money, securities or commodities, or contracts relating thereto, of every kind and nature and all contracts and options relating thereto, whether for present or future delivery. "You" or "Your" refers to Penson Financial Services, Inc.

2. **Payment of Indebtedness Upon Demand.** The Customer shall at all times be liable for the payment upon demand of any Obligations owing from the Customer to You, and Customer shall be liable to You for any deficiency remaining in any Account in the event of the liquidation thereof, in whole or in part, by You, the Introducing Broker, or by the Customer, and the Customer shall pay such Obligations upon demand.

3. **Security Interest; Liquidation.** All Securities or other property now or hereafter held, carried or maintained by You in or for the Account shall be subject to a prior lien and security interest for the discharge of all of the Obligations of the Customer and are to be held by You as security for the payment of the Obligations of the Customer to You, to the fullest extent allowed by law. You shall have the right to transfer Securities or other Property so held by You from or to any other Account of the Customer whenever You determine without notice to the Customer. In enforcing our lien and security interest, pay in full for any Securities or other Property purchased for the Account of the Customer, or deliver any Securities or other Property sold for such Account, or if any other Obligations of the Customer to You are unpaid, You are authorized (a) until payment or delivery is made, to pledge, repledge, hypothecate or rehypothecate, without notice, any and all Securities or other Property which You may hold for the Customer (either individually or jointly with others), (b) to sell any or all Securities or other Property which You may hold for the Customer (either individually or jointly with others); (c) to sell any or all Securities or other Property which You may hold for the Customer (either individually or jointly with others); and (d) to buy any or all Securities or other Property which may be short in such Account and/or (d) to cancel any open orders and to close any or all outstanding contracts; all without notice of sale of purchase, other notice or advertisement, and that any such sale or purchase or notice shall not be a waiver of Your rights provided herein. You shall have the discretion to determine which Securities or other Property is to be sold and which is to be purchased, and to determine the sequence and timing of liquidation in Your sole discretion and on any exchange, the over-the-counter market or any other market where such business is usually transacted, or at public auction or private sale, and You, Your affiliates or the Introducing Broker or its affiliates may be the purchaser or seller for any such person's own Account. You, Your affiliates or the Introducing Broker or its affiliates may be the purchaser or seller for any such person's own Account. In Your discretion, should You for any reason whatsoever deem it necessary for Your protection, without notice, to cancel any outstanding order, to close out the Account of the Customer, in whole or in part, or to close out any commitment made on behalf of the Customer.

4. **Lending Agreement; Margin or Short Accounts.** With respect to any margin or short Account maintained by the Customer and carried by You, the Customer is hereby authorized to lend to Yourself, as principal or otherwise, or to others, any Securities or other Property held by You in the Account of the Customer with other securities. The Securities You may lend or use for collateral, either separately or together with the Securities of others, either to Yourself as broker or to others, and for any length of time, without notice or retaining in Your possession or control for delivery a like amount of similar Securities or other Property. In return for the use of such Securities, the Customer acknowledges that You may receive certain benefits to which the Customer will not be entitled. The Customer understands that for all margin Accounts, You may maintain such Securities such as You may require, and You may require the Customer to deposit additional collateral as security for Customer's Obligations to You in accordance with Your general policies regarding margin maintenance requirements, or as required by any applicable exchange or regulatory agency, and You may close out, in whole or in part, any open positions or contracts, as such may be modified from time to time, or at an earlier Point in time than called for by said general policies, in the event that You feel insecure with respect to the Customer's Account for any reason in Your sole discretion: (a) to sell any or all Securities or other Property which You may hold for the Customer (either individually or jointly with others), (b) to sell any or all Securities or other Property which may be short in such Account and/or (c) to buy any or all Securities or other Property which may be short in such Account, and that any such sale or purchase or other notice or advertisement, and that any prior demand or notice shall not be a waiver of Your rights provided herein. You shall have the discretion to determine which Securities or other Property is to be sold and which contracts are to be closed. Any such sales or purchases may be made at Your discretion on any exchange, the over-the-counter market or any other market where such business is usually transacted, or at public auction or private sale, and You, Your affiliates or the Introducing Broker or its affiliates may be the purchaser or seller for any such person's own Account.

5. **Account Carried as Clearing Broker.** The Customer understands that You are carrying the Account of the Customer as clearing broker by arrangement with the Customer's Introducing Broker through whose courtesy the Account of the Customer has been introduced to You. The Customer understands that You act as custodian for funds and securities deposited with You, through the Customer's Introducing Broker, or as a result of transactions You may process for the Account of the Customer. Until receipt from the Customer of written notice to the contrary, You may accept and rely upon from the Customer's Introducing Broker (a) orders for the purchase or sale of securities and other property, and (b) any other instructions concerning the Customer's Account. The Customer understands that You are the Introducing Broker is unable to reach the Introducing Broker, You shall have the right, but not the obligation, to take any action on your own initiative, Introducing Broker. If Customer is unable to reach the Introducing Broker, Customer may contact Person at 1700 Pacific Avenue, Suite 1400, Dallas, TX 75201, (214) 765-1100, and speak with the Compliance Department. The Customer understands that the Introducing Broker and not You, is responsible for compliance with all applicable laws and securities and the Customer's Account. Until the Customer receives from You written notice to the contrary, you may accept from the Introducing Broker, as agent for the Customer, Securities, employees and other agents, without any inquiry or investigation by You, (a) orders for the purchase or sale in the Customer's Account of Securities and other property on margin or otherwise, and (b) any other instructions concerning the Customer's Account. The Customer understands that You act only to clear trades introduced by the Customer's Introducing Broker and to effect other

---

**5.** (continued)
back office functions for the Customer's Introducing Broker. The Customer confirms to You that the Customer is relying for any advice concerning the Customer's Account solely on the Customer's Introducing Broker. The Customer understands that You are not responsible for the conduct, representations and statements of any Introducing Broker or its representatives, employees or other agents. The Customer understands that You will not review the Customer's Account and will have no responsibility for trades made in the Customer's Account. The Customer agrees that You shall not be responsible or liable for any acts or omissions of the Introducing Broker or its representatives, employees or other agents.

**THE FOLLOWING ARBITRATION AGREEMENT SHOULD BE READ IN CONJUNCTION WITH THESE DISCLOSURES:**

a. ALL PARTIES TO THIS AGREEMENT ARE GIVING UP THE RIGHT TO SUE EACH OTHER IN COURT, INCLUDING THE RIGHT TO A TRIAL BY JURY EXCEPT AS PROVIDED BY THE RULES OF THE ARBITRATION FORUM IN WHICH A CLAIM IS FILED.

b. ARBITRATION AWARDS ARE GENERALLY FINAL AND BINDING; A PARTY'S ABILITY TO HAVE A COURT REVERSE OR MODIFY AN ARBITRATION AWARD IS VERY LIMITED.

c. THE ABILITY OF THE PARTIES TO OBTAIN DOCUMENTS, WITNESS STATEMENTS AND OTHER DISCOVERY IS GENERALLY MORE LIMITED IN ARBITRATION THAN IN COURT PROCEEDINGS.

d. THE ARBITRATORS DO NOT HAVE TO EXPLAIN THE REASON(S) FOR THEIR AWARD.

e. THE PANEL OF ARBITRATORS WILL TYPICALLY INCLUDE A MINORITY OF ARBITRATORS WHO WERE OR ARE AFFILIATED WITH THE SECURITIES INDUSTRY.

f. THE RULES OF SOME ARBITRATION FORUMS MAY IMPOSE TIME LIMITS FOR BRINGING A CLAIM IN ARBITRATION. IN SOME CASES, A CLAIM THAT IS INELIGIBLE FOR ARBITRATION MAY BE BROUGHT IN COURT.

g. THE RULES OF THE ARBITRATION FORUM IN WHICH THE CLAIM IS FILED, AND ANY AMENDMENTS THERETO, SHALL BE INCORPORATED INTO THIS AGREEMENT.

6. **ARBITRATION AGREEMENT. AND ANY AND ALL CONTROVERSIES, DISPUTES OR CLAIMS BETWEEN THE UNDERSIGNED AND YOU, OR THE INTRODUCING BROKER, OR THE AGENTS, REPRESENTATIVES, EMPLOYEES, DIRECTORS, OFFICERS OR CONTROL PERSONS OF YOU OR THE INTRODUCING BROKER, ARISING OUT OF, IN CONNECTION WITH, FROM OR WITH RESPECT TO (a) ANY PROVISIONS OF OR THE VALIDITY OF THIS AGREEMENT OR ANY RELATED AGREEMENTS, (b) THE RELATIONSHIP OF THE PARTIES HERETO, OR (c) ANY CONTROVERSY ARISING OUT OF YOUR BUSINESS, THE INTRODUCING BROKER'S BUSINESS OR THE UNDERSIGNED'S ACCOUNTS, SHALL BE CONDUCTED PURSUANT TO THE CODE OF ARBITRATION PROCEDURE OF THE NASD. ARBITRATION MUST BE COMMENCED BY SERVICE OF A WRITTEN DEMAND FOR ARBITRATION OR A WRITTEN NOTICE OF INTENTION TO ARBITRATE, THEREIN ELECTING THE ARBITRATION FORUM, AND (ii) THE UNDERSIGNED WILL BE BOUND. IF THE UNDERSIGNED FAILS TO MAKE SUCH ELECTION WITHIN FIVE (5) DAYS OF RECEIPT OF A WRITTEN DEMAND FOR ARBITRATION OR NOTICE OF INTENTION TO ARBITRATE AND THE AWARD RENDERED MAY BE ENTERED IN A COURT HAVING JURISDICTION THEREOF. AND NEITHER PARTY SHALL OPPOSE SUCH ENTRY.**

No person shall bring a putative or certified class action in arbitration, nor seek to enforce any pre-dispute arbitration agreement against any person who has initiated in court a putative class action; or who is a member of a putative class who has not opted out of the class with respect to any claims encompassed by the putative class action until: (i) the class certification is denied; or (ii) the class is de-certified; or (iii) the customer is excluded from the class by the court. Such forbearance to enforce an agreement to arbitrate shall not constitute a waiver of any rights under this agreement except to the extent stated herein.

7. **Other Agreements; Option Transactions, Charges.** The Customer agrees to be bound by the terms of Your Customer Account Agreement. If the Customer trades on margin or has short positions, the Customer agrees to be bound by the terms of Your Customer Margin Agreement and short Account agreement. If the Customer trades options, the Customer agrees to be bound by the terms of Your Customer Option Agreement. If this is a joint Account, the Customers agree to be bound by Your Joint Account Agreement. The Customer understands that copies of these agreements are available from You and, to the extent applicable, are incorporated by reference herein. The terms of these other agreements are in addition to the provisions of this Agreement and any other Agreement. The Customer agrees to pay brokerage charges, commissions and other charges which may be imposed. The Customer agrees to pay You for any charges incurred on purchases of securities or other charges. The Customer Account maintenance fees, security transfer fees and account transfer fees, and other charges or fees as agreed between You and the Customer's Introducing Broker or as independently established by You.

8. **Option Account, Assignment.** notices for option contracts are allocated among client short positions pursuant to a manual procedure which randomly selects from all client short option positions, including positions established on the day of assignment, those contracts which are subject to exercise. The writer of an American-style option is subject to being assigned an exercise at any time after he has written the option until the option expires. By contrast, the writer of a European-style option is subject to being assigned an exercise only during a specified period, in more detailed description of Your random allocation procedure is available upon request. In accordance with the Customer Option Agreement, if applicable, the Customer must promptly notify the Introducing Broker of any change in the Customer's objectives or financial situation. Individual options commissions and other related charges have been included in the Customer's Account transaction amounts and that information will be made available to the Customer upon request. The customer must promptly advise the Introducing Broker of any material change in the customer's investment objectives or financial situation.

9. **Miscellaneous.** Your financial statement is available for personal inspection or will be mailed on the Customer's request. The headings of each section of this Agreement are descriptive only and do not modify or qualify any provision of this Agreement. Except as provided in this Agreement, no provision of this Agreement may be altered, modified or amended unless in writing signed by Your authorized representative. This Agreement and all provisions shall inure to the benefit of You and Your successors, Your assigns, the Customer's Introducing Broker, and all other persons specified in Paragraph 6 above. Wherever appropriate, the word "broker" shall include all individuals described therein. No waiver of any provision may be used in Your business, subject to the limitations of 17 CFR Section 240.15c3-3 of the Securities Exchange Act of 1934. The Customer may receive these funds in the normal course of business following demand to You. You shall not be liable for losses caused directly or indirectly by any events beyond Your reasonable control, The costs and expenses of collection of the debit balance and any unpaid deficiency in the Accounts of the Customer, including but not limited to attorneys' fees, reasonable attorneys' fees and expenses, incurred and payable or paid by You shall be payable to You by the Customer. The estimated annual income, estimated current yield, and market value calculations are estimates only, and have been obtained or prepared from sources You consider to be reliable, but You make no assurance as to their accuracy.

# Statement of Account

**CyberTrader®**
A Charles Schwab Company

Member NASD/SIPC
12401 Research Blvd
Bldg 2, Suite 350
Austin, TX 78759
(512) 320-5444

RABINOVICH & ASSOCIATES LP

**Account Information**

Account Number: 19571959

**Statement Period**

January 1, 2007 to January 31, 2007

## Portfolio Positions

| Cash & Equivalents | Symbol/Cusip | Account Type | Quantity | Current Price | Current Value | Percent of Acct Assets | Estimated Annual Income | Estimated Current Yield |
|---|---|---|---|---|---|---|---|---|
| Money Market Fund | | MoneyFund | | 1.00 | 84,481.59 | 100.00 | 3,691.00 | 4.37% |
| **Total: Cash & Equivalents** | | | | | **84,481.59** | **100.00** | **3,691.00** | **4.37%** |
| **Total: Account Net Assets/Equity** | | | | | **84,481.59** | **100.00** | **3,691.00** | **4.37%** |
| Short Account Balance | | Short | | | 0.00 | | | |
| **Short Account Equity** | | | | | **0.00** | **%** | | |

*Account value and totals are based only on priced securities. We may be unable to price all securities in your account. For municipal securities and some other fixed income securities, prices are approximate (not actual market bids) and are provided only as a general guide. They do not necessarily reflect actual market prices. For current prices, please contact your financial consultant.*

## Account Activity

| Margin Account | Entry/Trade Date | Account Type | Transaction | Quantity | Description | Price | Amount |
|---|---|---|---|---|---|---|---|
| | | Margin | | | OPENING BALANCE | | 0.00 |
| | 01/23/07 | Margin | Expired | -100 | ACCENTURE LTD | | |
| | | | | | JAN 07 @ 35 PUT | | |
| | | | | | 100 MULTIPLIER | | |
| **Total: Margin Account Balance** | | | | | | | **0.00** |

### Short Account

| | | Short | | | OPENING BALANCE | | |
| | 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC | 77.31 | 11,032.00 |
| | | | | | NASLZ | | 38,643.86 |
| | 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC | 77.91 | 38,953.80 |
| | | | | | NAWV7 | | |

**CyberTrader®**
A Charles Schwab Company

Member NASD/SIPC
12401 Research Blvd
Bldg 2, Suite 350
Austin, TX 78759
(512) 320-5444

# Statement of Account

**Account Information**

Account Number:  19571959

**Statement Period**

January 1, 2007 to January 31, 2007

RABINOVICH & ASSOCIATES LP

*Account Activity*

| Entry/Trade Date | Account Type | Transaction | Quantity | Description | Price | Amount |
|---|---|---|---|---|---|---|
| 12/27/06 | Short | Sold | -1,000 | APPLE COMPUTER INC NAY3W | 79.85 | 79,837.59 |
| 12/27/06 | Short | Sold | -100 | APPLE COMPUTER INC R2226 | 77.44 | 7,743.76 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAXT8 | 80.17 | 40,083.76 |
| 12/27/06 | Short | Sold | -300 | APPLE COMPUTER INC NAXWJ | 77.48 | 23,243.28 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAXKX | 77.59 | 38,783.85 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAXX8 | 81.35 | 40,663.80 |
| 12/27/06 | Short | Sold | -1,200 | APPLE COMPUTER INC R2266 | 79.01 | 94,809.08 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAYOT | 81.16 | 40,568.80 |
| 12/27/06 | Short | Sold | -400 | APPLE COMPUTER INC NAZ4B | 81.15 | 32,459.00 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NASA5 | 77.79 | 38,893.80 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAYMQ | 79.95 | 39,973.77 |
| 12/27/06 | Short | Sold | -100 | APPLE COMPUTER INC R2326 | 81.15 | 8,104.80 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAZ83 | 79.97 | 39,973.82 |
| 12/27/06 | Short | Sold | -300 | APPLE COMPUTER INC 1A5HZ | 80.07 | 24,020.26 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAYYX | 77.55 | 38,773.80 |

ACCOUNTS CARRIED BY PENSON FINANCIAL SERVICES, INC.   • MEMBER NASD AND SIPC

# CyberTrader®
A Charles Schwab Company

**Member NASD/SIPC**
12401 Research Blvd
Bldg 2, Suite 350
Austin, TX 78759
(512) 320-5444

## Statement of Account

**Account Information**

Account Number: 19571959

**Statement Period**

January 1, 2007 to January 31, 2007

RABINOVICH & ASSOCIATES LP

### Account Activity

| Entry/Trade Date | Account Type | Transaction | Quantity | Description | Price | Amount |
|---|---|---|---|---|---|---|
| 12/27/06 | Short | Sold | -100 | APPLE COMPUTER INC NAZI3 | 80.07 | 8,006.75 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAZGV | 81.52 | 40,758.74 |
| 12/27/06 | Short | Sold | -200 | APPLE COMPUTER INC 1A5TQ | 77.44 | 15,487.52 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAZDG | 80.14 | 40,058.81 |
| 12/27/06 | Short | Sold | -99 | APPLE COMPUTER INC R2382 | 80.24 | 7,943.51 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAZC7 | 81.35 | 40,673.75 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAZDX | 79.82 | 39,898.82 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAZ3W | 80.11 | 40,053.77 |
| 12/27/06 | Short | Sold | -1,600 | APPLE COMPUTER INC 1A66O | 81.46 | 130,331.99 |
| 12/27/06 | Short | Sold | -101 | APPLE COMPUTER INC 1A6F1 | 80.24 | 8,103.99 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NAZVD | 81.2 | 40,588.80 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC 1A6TM | 81.46 | 40,728.74 |
| 12/27/06 | Short | Bought | 4,500 | APPLE COMPUTER INC NB0TG | 81 1/2 | (366,759.95) |
| 12/27/06 | Short | Sold | -4,500 | APPLE COMPUTER INC NB0GF | 81.85 | 368,303.74 |
| 12/27/06 | Short | Sold | -2,000 | APPLE COMPUTER INC NB1S9 | 81.51 | 163,014.99 |

# Statement of Account

**CyberTrader** ®
A Charles Schwab Company

Member NASD/SIPC
12401 Research Blvd
Bldg 2, Suite 350
Austin, TX 78759
(512) 320-5444

**Account Information**

**Statement Period**
January 1, 2007 to January 31, 2007

RABINOVICH & ASSOCIATES LP

Account Number: 19571959

## Account Activity

| Entry/Trade Date | Account Type | Transaction | Quantity | Description | Price | Amount |
|---|---|---|---|---|---|---|
| 12/27/06 | Short | Bought | 3,616 | APPLE COMPUTER INC NB1DM | 78.3 | (283,132.80) |
| 12/27/06 | Short | Bought | 1,600 | APPLE COMPUTER INC NB1ZO | 80.94 | (129,513.95) |
| 12/27/06 | Short | Bought | 4,500 | APPLE COMPUTER INC NB26E | 79 1/2 | (357,759.95) |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NB38U | 77.7 | 38,838.85 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NB3M5 | 77.71 | 38,853.80 |
| 12/27/06 | Short | Sold | -2,900 | APPLE COMPUTER INC NB3OW | 81.4613793 | 236,220.79 |
| 12/27/06 | Short | Sold | -100 | APPLE COMPUTER INC R2831 | 80.07 | 8,006.75 |
| 12/27/06 | Short | Sold | -2,500 | APPLE COMPUTER INC NB41Z | 81.45 | 203,608.79 |
| 12/27/06 | Short | Sold | -200 | APPLE COMPUTER INC NB3Q3 | 77.44 | 15,487.52 |
| 12/27/06 | Short | Sold | -2,500 | APPLE COMPUTER INC NB3Q6 | 79.00652 | 197,500.28 |
| 12/27/06 | Short | Sold | -200 | APPLE COMPUTER INC 1AAWA | 77.48 | 15,495.52 |
| 12/27/06 | Short | Sold | -800 | APPLE COMPUTER INC 1AAWG | 79.02 | 63,214.05 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NB4B2 | 81.35 | 40,673.75 |
| 12/27/06 | Short | Sold | -500 | APPLE COMPUTER INC NB467 | 81 1/4 | 40,613.80 |
| 12/27/06 | Short | Bought | 4,500 | APPLE COMPUTER INC NB3VV | 81.84 | (368,289.95) |

ACCOUNTS CARRIED BY PENSON FINANCIAL SERVICES, INC.    • MEMBER NASD AND SIPC

# CyberTrader®
A Charles Schwab Company

**Member NASD/SIPC**
12401 Research Blvd
Bldg 2, Suite 350
Austin, TX 78759
(512) 320-5444

# Statement of Account

| | | Account Information | | | | Statement Period | |
|---|---|---|---|---|---|---|---|
| RABINOVICH & ASSOCIATES LP | | Account Number: | 19571959 | | | January 1, 2007 to January 31, 2007 | |

## Account Activity

| Entry/Trade Date | Account Type | Transaction | Quantity | Description | Price | Amount |
|---|---|---|---|---|---|---|
| 12/27/06 | Short | Bought | 4,500 | APPLE COMPUTER INC NB4ZL | 81.3913333 | (366,270.95) |
| 12/27/06 | Short | Bought | 3,000 | APPLE COMPUTER INC 1AC89 | 80.9386666 | (242,816.00) |
| 12/27/06 | Short | Bought | 100 | APPLE COMPUTER INC R2993 | 80.95 | (8,095.00) |
| 12/27/06 | Short | Bought | 4,500 | APPLE COMPUTER INC 1ACH7 | 81.59 | (367,164.95) |
| 12/27/06 | Short | Bought | 884 | APPLE COMPUTER INC 1ACJQ | 78.3 | (69,227.15) |

**Total: Short Account Balance**                                                   0.00

**Scudder MM Port**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | MoneyFund | | | OPENING BALANCE | | | 84,149.16 |
| 01/31/07 | MoneyFund | Money Fund Dividends | 84149 | 4.369% 12/30-01/31 | | | 332.43 |

**Total: Scudder MM Port Balance**                                                   84,481.59

ACCOUNTS CARRIED BY PENSON FINANCIAL SERVICES, INC.    • MEMBER NASD AND SIPC

# CyberTrader®
A Charles Schwab Company

**Member NASD/SIPC**
12401 Research Blvd
Bldg 2, Suite 350
Austin, TX 78759
(512) 320-5444

## Statement of Account

**Statement Period**
January 1, 2007 to January 31, 2007

### Account Information

RABINOVICH & ASSOCIATES LP

Account Number:     19571959

*Settled Trades Summary:*

| | |
|---|---|
| TOTAL PURCHASED (USD): | 2,559,030.65 |
| TOTAL SOLD (USD): | 2,547,998.65 |

| | |
|---|---|
| TOTAL SHARES PURCHASED: | 31,700.00 |
| TOTAL SHARES SOLD: | 31,700.00 |

SIPC does not cover commodity contracts and options on futures.

DPP and REIT securities are generally illiquid and the estimated value of these securities may not be realized upon liquidation of the security. The value of the security will differ from the purchase price. In the event valuations are provided, they will be based upon estimated values obtained from the issuer's annual report. However, in some cases accurate valuation information is not available and will not be provided.

NASD has filed with the SEC a proposed rule change to amend NASD Rule 2340 to require that account statements include a statement that advises each customer to promptly report any inaccuracy or discrepancy in that person's account to his or her brokerage firm and clearing firm (where these are different firms) and to re-confirm any oral communications in writing.  http://www.nasd.com/stellent/groups/rules_regs/documents/rule_filing/nasdw_011958.pdf

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day your payment is received, and you will not receive your check back from your financial institution.  Please contact your broker if you have questions about electronic check collection or do not want your payments collected electronically.

Pursuant to SEC Rule 606, Penson Financial Services, Inc. is required to make publicly available a quarterly report with regard to its routing of non-directed orders. For the purpose of this Rule, we have entered into an agreement with Quantum5 Market Surveillance * Division of S3 Matching Technologies * to disclose all required information pertaining to this rule. ftp://public.s3.com/11ac1-6/pfsi

THE NASD REQUIRES THAT WE NOTIFY YOU IN WRITING OF THE AVAILABILITY OF AN INVESTOR BROCHURE THAT INCLUDES INFORMATION DESCRIBING THE NASD'S PUBLIC DISCLOSURE PROGRAM ("PROGRAM"). TO OBTAIN A BROCHURE OR MORE INFORMATION ABOUT THE PROGRAM OR NASD, CONTACT THE NASD PROGRAM HOTLINE AT (800) 289-9999 OR ACCESS THE NASD WEB SITE AT www.nasdbrokercheck.com

\* End of Statement \*

ACCOUNTS CARRIED BY PENSON FINANCIAL SERVICES, INC.   ● MEMBER NASD AND SIPC

# CyberTrader®
A Charles Schwab Company

Member NASD/SIPC
12401 Research Blvd
Bldg 2, Suite 350
Austin, TX 78759
(512) 320-5444

# Statement of Account

**Account Information**

Account Number:  19571959
Financial Advisor #:  CY00

**Your Financial Advisor**

CYBERTRADER, INC. HOUSE REP
(512) 320-5444

**Statement Period**

February 1, 2007 to February 28, 2007

**Office Serving You**

12401 Research Blvd, Bldg 2, Suite 350
Austin, TX 78759
(512) 320-5444

RABINOVICH & ASSOCIATES LP
2250 E 4TH ST
APT 2C
BROOKLYN NY 11223-4808

## Account Value

| Asset Category | Current Value 02/28/07 | Prior Value 01/31/07 | Percent of Acct Assets | Estimated Annual Income | Estimated Current Yield |
|---|---|---|---|---|---|
| Money Fund Balance | 0.00 | 84,481.59 | | | |
| Options, Rights, Warrants | 0.00 | 0.00 | | | |
| Total: Portfolio Values | 0.00 | 84,481.59 | | | |
| Total Account Value | 0.00 | 84,481.59 | | | |
| Short Account Balance | 0.00 | 0.00 | | | |

## Asset Allocation

## Income Summary

| | This Period | Year to Date |
|---|---|---|
| Money Fund Dividends | 70.55 | 402.98 |
| Total: Income | 70.55 | 402.98 |

ACCOUNTS CARRIED BY PENSON FINANCIAL SERVICES, INC.    • MEMBER NASD AND SIPC

Page 1 of 3

The Account of the Customer is subject to the following terms and conditions ("Agreement") which the Customer agrees to, and accepts by use, maintenance and/or continuation of the Account notwithstanding any notice or statement of intention to You to the contrary.

**1. Definitions.** "Account" shall refer individually and collectively to all accounts which the Customer has previously opened, now has open or may open in the future, in which the Customer has any interest, with You or any Introducing Broker, and any and all previous, current and future transactions in such accounts. "Customer" refers to the individual(s) and/or entity(ies) on whose behalf an Account is opened and maintained or their successors in interest, and there is no responsibility for trades made in the Account. "Introducing Broker" means any brokerage firm which introduces securities transactions have any interest in an Account, "Introducing Broker" means any brokerage firm which introduces securities transactions on behalf of the Customer, which transactions are cleared through You, whether one or more. "Obligations" means all indebtedness, debit balances, liabilities or other obligations of any kind of the Customer to You, whether now existing or hereafter arising, in connection with any Account. "Property" shall mean all money, securities, commodities or other property of every kind and nature and all contracts and options relating thereto, whether for present or future delivery. "You" and "Your" refers to Penson Financial Services, Inc.

**2. Payment of Indebtedness Upon Demand.** The Customer shall at all times be liable for the payment upon demand of any Obligations owing from the Customer to You, and Customer shall be liable to You for any deficiency remaining in any Account in the event of the liquidation thereof, in whole or in part, by You, the Introducing Broker, or by the Customer, and the Customer shall pay all such Obligations upon demand.

**3. Security Interest; Liquidation.** All Securities or other property now or hereafter held, carried or maintained by You in or for the Account shall be subject to a first and prior lien and security interest for the discharge of all of the Obligations of the Customer and are to be held by You as security for the payment of the Obligations of the Customer to You, to the fullest extent allowed by law. You shall have the right to transfer Securities or other Property so held by You from or to any Account of the Customer whenever in Your discretion You consider such a transfer necessary for Your protection. In enforcing Your lien, You shall have the discretion to determine which Securities and property are to be sold and which contracts are to be closed. In the event of a breach or default under this Agreement, You shall have the right to sell any or all Securities or other Property which may be in Your possession, or which You may be entitled to receive, and to apply the proceeds thereof and all monies to the discharge of the Obligations, including any and all interest due thereon. In order to satisfy any Obligations of the Customer to You, You are authorized to sell and/or purchase all or any part of the Securities or other Property which may be in Your possession and control for delivery, without notice or advertisement, and that any prior demand or notice shall not be a waiver of Your rights provided herein. You shall have the discretion to determine which Securities and property are to be sold and which contracts are to be closed. Any such sales or purchases may be made at Your discretion on any exchange or other market where such business is usually transacted, or at public auction or private sale, and You, Your affiliates or the Introducing Broker or its affiliates may be the purchaser or seller for any such person's own Account. You are authorized, in Your discretion, should You for any reason whatsoever deem it necessary for Your protection, to cancel any outstanding order, or to close out the Account of the Customer, in whole or in part, or to close out any commitment made on behalf of the Customer.

**4. Lending Agreement; Margin or Short Accounts.** With respect to any margin or short Account maintained by the Customer, You are authorized to lend to yourself, or others, any Securities or other Property held by You in the margin or short Account of the Customer, either separately or together with the Property of others. In connection with such extensions of credit, You may receive and retain certain benefits to which the Customer will at all times maintain such Securities or other Property in the Account of the Customer for margin and/or maintenance purposes as required by You in Your sole discretion, on demand, in accordance with Your general policies regarding margin and maintenance requirements, as such may be modified from time to time, or at other times as You may require, and shall at all times maintain such margin or short Account as You may from time to time require. If at any time You require, You will have the right at any time and from time to time, in accordance with Your general policies regarding Your margin or maintenance requirements, which margin requirements may be modified from time to time, or at some earlier Point in time (either individually or jointly with others) (b) to sell any or all Securities or other Property held in the Account of the Customer with You (either individually or jointly with others), (c) to buy any or all Securities or other Property which may be short in such Account and/or (d) to cancel any or all outstanding orders, transactions and/or commitments made on Your behalf without demand for margin or additional margin, notice of sale or purchase or other notice or advertisement, and that any prior demand or notice shall not be a waiver of Your rights provided herein. You shall have the discretion to determine which Securities or property are to be sold and which contracts are to be closed. Any such sales or purchases may be made at Your discretion on any exchange or other market where such business is usually transacted, or at public auction or private sale, and You, Your affiliates or the Introducing Broker or its affiliates may be the purchaser or seller for any such person's own Account.

**5. Account Carried as Clearing Broker.** The Customer understands that You are carrying the Account of the Customer as clearing broker by arrangement with the Customer's Introducing Broker through whose Account the Customer has been introduced to You. The Customer understands that You act as custodian for funds and securities deposited with You, through the Customer's Introducing Broker or as a result of transactions You may process for the Customer's Account. Until the receipt by You from the Customer of written notice to the contrary, You may accept from the Customer's Introducing Broker, without inquiry or investigation, (a) orders for the purchase or sale of Securities and other property on margin or otherwise and (b) any other instructions concerning the Customer's Account. The Customer understands that You act only to clear trades introduced by the Customer's Introducing Broker and to effect other

**5. (continued)**
back office functions for the Customer's Introducing Broker. The Customer confirms to You that the Customer is relying for any advice concerning the Customer's Account solely on the Customer's Introducing Broker. The Customer understands that You are not a principal of or partner with and do not control in any way the Introducing Broker or its representatives, employees or other agents. The Customer understands that the employees of the Introducing Broker are not Your employees or agents, and that You shall not be responsible or liable for any acts or omissions of the Introducing Broker or its representatives, employees or other agents.

**THE FOLLOWING ARBITRATION AGREEMENT SHOULD BE READ IN CONJUNCTION WITH THESE DISCLOSURES:**

a. ALL PARTIES TO THIS AGREEMENT ARE GIVING UP THE RIGHT TO SUE EACH OTHER IN COURT, INCLUDING THE RIGHT TO A TRIAL BY JURY EXCEPT AS PROVIDED BY THE RULES OF THE ARBITRATION FORUM IN WHICH A CLAIM IS FILED.

b. ARBITRATION AWARDS ARE GENERALLY FINAL AND BINDING; A PARTY'S ABILITY TO HAVE A COURT REVERSE OR MODIFY AN ARBITRATION AWARD IS VERY LIMITED.

c. THE ABILITY OF THE PARTIES TO OBTAIN DOCUMENTS, WITNESS STATEMENTS AND OTHER DISCOVERY IS GENERALLY MORE LIMITED IN ARBITRATION THAN IN COURT PROCEEDINGS.

d. THE ARBITRATORS DO NOT HAVE TO EXPLAIN THE REASON(S) FOR THEIR AWARD.

e. THE PANEL OF ARBITRATORS WILL TYPICALLY INCLUDE A MINORITY OF ARBITRATORS WHO WERE OR ARE AFFILIATED WITH THE SECURITIES INDUSTRY.

f. THE RULES OF SOME ARBITRATION FORUMS MAY IMPOSE TIME LIMITS FOR BRINGING A CLAIM IN ARBITRATION. IN SOME CASES, A CLAIM THAT IS INELIGIBLE FOR ARBITRATION MAY BE BROUGHT IN COURT.

g. THE RULES OF THE ARBITRATION FORUM IN WHICH THE CLAIM IS FILED, AND ANY AMENDMENTS THERETO, SHALL BE INCORPORATED INTO THIS AGREEMENT.

**6. ARBITRATION AGREEMENT. ANY AND ALL CONTROVERSIES, DISPUTES OR CLAIMS BETWEEN THE UNDERSIGNED AND YOU, OR THE INTRODUCING BROKER, OR THE AGENTS, REPRESENTATIVES, EMPLOYEES, DIRECTORS, OFFICERS OR CONTROL PERSONS OF YOU OR THE INTRODUCING BROKER, ARISING OUT OF, IN CONNECTION WITH, FROM OR WITH RESPECT TO (a) ANY PROVISIONS OF OR THE VALIDITY OF THIS AGREEMENT OR ANY RELATED AGREEMENTS, (b) THE RELATIONSHIP OF THE PARTIES HERETO, OR (c) ANY CONTROVERSY ARISING OUT OF YOUR BUSINESS, THE INTRODUCING BROKER'S BUSINESS OR THE UNDERSIGNED'S ACCOUNTS, SHALL BE CONDUCTED PURSUANT TO THE CODE OF ARBITRATION PROCEDURE OF THE NASD. ARBITRATION MUST BE COMMENCED BY SERVICE OF A WRITTEN DEMAND FOR ARBITRATION OR A WRITTEN NOTICE OF INTENTION TO ARBITRATE. THE DECISION AND AWARD OF THE ARBITRATORS SHALL BE CONCLUSIVE AND BINDING UPON ALL PARTIES, AND ANY JUDGMENT UPON ANY AWARD RENDERED MAY BE ENTERED IN A COURT HAVING JURISDICTION THEREOF, AND NEITHER PARTY SHALL OPPOSE SUCH ENTRY.**

No person shall bring a putative or certified class action to arbitration, nor seek to enforce any pre-dispute arbitration agreement against any person who has initiated in court a putative class action; or who is a member of a putative class who has not opted out of the class with respect to any claims encompassed by the putative class action until: (i) the class certification is denied; or (ii) the class is de-certified; or (iii) the Customer is excluded from the class by the court. Such forbearance to enforce an agreement to arbitrate shall not constitute a waiver of any rights under this agreement except to the extent stated herein.

**7. Other Agreements; Option Transactions, Charges.** The Customer agrees to be bound by the terms of Your Customer Account Agreement. If the Customer trades on margin or has short positions, the Customer agrees to be bound by the terms of Your Customer Margin Account Agreement. If the Customer trades options, the Customer agrees to be bound by the terms of your Customer Option Agreement. If this is a joint Account, the Customers agree to be bound by Your Joint Account Agreement. The Customer understands that copies of these agreements are available from You and, to the extent applicable, are incorporated by reference herein. The terms of these other agreements are in addition to the provisions of this Agreement and any other agreement(s) You may have with the Customer. You may charge the Customer Account maintenance fees, security transfer fees and account service and other charges or fees as agreed between You and the Customer or as independently established by You.

**8. Option Account, Assignment** notices for option contracts are allocated among all client short positions pursuant to a manual procedure which randomly selects from all client short option positions, including positions established on or because of assignment, those contracts which are subject to exercise. The writer of an American-style option is subject to being assigned an exercise at any time after he has written the option until the option expires. By contrast, the writer of a European-style option is subject to exercise assignment only during the exercise period. A more detailed description of Your random allocation procedure is available upon request from You. The Customer understands that, to ensure correct, if applicable, the Customer must promptly notify the Introducing Broker of any change in the Customer's objectives or financial situation. Individual options commissions and other related charges have been included in the Customer's Confirmation; however, a summary of this information will be made available to the Customer upon request. The Customer must promptly advise the Introducing broker of any material change in the customer's investment objectives or financial situation.

**9. Miscellaneous.** Your financial statement is available for personal inspection or will be mailed on the Customer's request. You understand that each section of the Agreement are separate and severable and any modification or provision of this Agreement. Except as provided in this Agreement, no provision of this Agreement may be altered, amended or modified unless in writing signed by Your authorized representative. This Agreement and all provisions shall inure to the benefit of You and Your successors, whether by merger, consolidation or otherwise, Your assigns, the Customer's Introducing Broker, and all other persons or entities specified in Paragraph 6 above. With respect to any New York stock exchange, and all applicable laws, rules and regulations, the provisions shall be used in Your business, subject to the limitations of 17 CFR Section 240.15c3-3 of the Securities Exchange Act of 1934. The Customer may receive these funds in the normal course of business following demand to You. The Customer shall not be liable for losses caused directly or indirectly by any events beyond Your reasonable control. The costs and expenses of collection of the debit balance and any unpaid deficiency in the Accounts of the Customer with You, including but not limited to reasonable attorneys' fees and expenses, incurred and payable or paid to You shall be payable to You by the Customer. The estimated annual income, estimated current yield, and market value calculations are estimates only, and have been obtained or prepared from sources You consider to be reliable, and You make no assurance as to their accuracy.

# CyberTrader®
A Charles Schwab Company

Member NASD/SIPC
12401 Research Blvd
Bldg 2, Suite 350
Austin, TX 78759
(512) 320-5444

## Statement of Account

| | | | **Account Information** | | | |
|---|---|---|---|---|---|---|
| RABINOVICH & ASSOCIATES LP | | | Account Number: | 19571959 | | |

**Statement Period**
February 1, 2007 to February 28, 2007

## Portfolio Positions

| Cash & Equivalents | Symbol/ Cusip | Account Type | Quantity | Current Price | Current Value | Percent of Acct Assets | Estimated Annual Income | Estimated Current Yield |
|---|---|---|---|---|---|---|---|---|
| Money Market Fund | | MoneyFund | | 1.00 | 0.00 | | | 4.36% |
| **Total: Cash & Equivalents** | | | | | **0.00** | | | |
| | | | | | | | | |
| **Total: Account Net Assets/Equity** | | | | | **0.00** | | | |

*Account value and totals are based only on priced securities. We may be unable to price all securities in your account. For municipal securities and some other fixed income securities, prices are approximate (not actual market bids) and are provided only as a general guide. They do not necessarily reflect actual market prices. For current prices, please contact your financial consultant.*

## Account Activity

| Cash Account | Entry/Trade Date | Account Type | Transaction | Quantity | Description | Price | Amount |
|---|---|---|---|---|---|---|---|
| | | Cash | | | OPENING BALANCE | | 0.00 |
| | 02/08/07 | Cash | Journal | | DOMESTIC WIRE FEE | | (15.00) |
| | 02/08/07 | Cash | Received | | REDEEM SD MM PORTFOLIO | | 84,552.14 |
| | 02/08/07 | Cash | Journal | | WIRE TRANSFER | | (84,537.14) |
| **Total: Cash Account Balance** | | | | | | | **0.00** |

**Scudder MM Port**

| | | MoneyFund | | | OPENING BALANCE | | 84,481.59 |
|---|---|---|---|---|---|---|---|
| | 02/08/07 | MoneyFund | Money Fund Dividends | | 4.357% 02/01-02/07  84481 | | 70.55 |
| | 02/08/07 | MoneyFund | Disbursed | | REDEEM SD MM PORTFOLIO | | (84,552.14) |
| **Total: Scudder MM Port Balance** | | | | | | | **0.00** |

ACCOUNTS CARRIED BY PENSON FINANCIAL SERVICES, INC.  • MEMBER NASD AND SIPC

# CyberTrader®
A Charles Schwab Company

**Member NASD/SIPC**
12401 Research Blvd
Bldg 2, Suite 350
Austin, TX 78759
(512) 320-5444

## Statement of Account

| Statement Period |
| --- |
| February 1, 2007 to February 28, 2007 |

RABINOVICH & ASSOCIATES LP

**Account Information**

Account Number:          19571959

**Settled Trades Summary:**

| | | | |
| --- | --- | --- | --- |
| TOTAL PURCHASED (USD): | 0.00 | TOTAL SHARES PURCHASED: | 0.00 |
| TOTAL SOLD (USD): | 0.00 | TOTAL SHARES SOLD: | 0.00 |

*Effective April 2007, a $15.00 first quarter custody fee will be charged to all non-IRA accounts holding physical securities at Penson. If you would like to avoid the fee, please notify your broker to mail the security to you.*

*SIPC does not cover commodity contracts and options on futures.*

*DPP and REIT securities are generally illiquid and the estimated value of these securities may not be realized upon liquidation of the security. The value of the security will differ from the purchase price. In the event valuations are provided, they will be based upon estimated values obtained from the issuer's annual report. However, in some cases accurate valuation information is not available and will not be provided.*

*NASD has filed with the SEC a proposed rule change to amend NASD Rule 2340 to require that account statements include a statement that advises each customer to promptly report any inaccuracy or discrepancy in that person's account to his or her brokerage firm and clearing firm (where these are different firms) and to re-confirm any oral communications in writing. http://www.nasd.com/stellent/groups/rules_regs/documents/rule_filing/nasdw_011958.pdf*

*When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day your payment is received, and you will not receive your check back from your financial institution. Please contact your broker if you have questions about electronic check collection or do not want your payments collected electronically.*

*Pursuant to SEC Rule 606, Penson Financial Services, Inc. is required to make publicly available a quarterly report with regard to its routing of non-directed orders. For the purpose of this Rule, we have entered into an agreement with Quantum5 Market Surveillance * Division of S3 Matching Technologies * to disclose all required information pertaining to this rule. ftp://public.s3.com/11ac1-6/pfsi*

*THE NASD REQUIRES THAT WE NOTIFY YOU IN WRITING OF THE AVAILABILITY OF AN INVESTOR BROCHURE THAT INCLUDES INFORMATION DESCRIBING THE NASD'S PUBLIC DISCLOSURE PROGRAM ('PROGRAM'). TO OBTAIN A BROCHURE OR MORE INFORMATION ABOUT THE PROGRAM OR NASD, CONTACT THE NASD PROGRAM HOTLINE AT (800) 289-9999 OR ACCESS THE NASD WEB SITE AT www.nasdbrokercheck.com*

\* End of Statement \*

ACCOUNTS CARRIED BY PENSON FINANCIAL SERVICES, INC.    ● MEMBER NASD AND SIPC