USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/15/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------
SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

    - against -

RABINOVICH & ASSOCIATES, LP,                    07 Civ. 10547 (GEL)
ALEX RABINOVICH, and
JOSEPH LOVAGLIO,

                    Defendants.
------------------------------------------------------------------x

### ORDER OF PRELIMINARY INJUNCTION
### AND OTHER INTERIM RELIEF AGAINST DEFENDANTS RABINOVICH
### & ASSOCIATES, LP, ALEX RABINOVICH AND JOSEPH LOVAGLIO

On November 26, 2007, Plaintiff Securities and Exchange Commission commenced this action by filing a complaint and application for emergency and preliminary relief against Defendants Rabinovich & Associates, LP, Alex Rabinovich and Joseph Lovaglio.

After considering the Complaint and papers submitted by the Commission in support of its application, hearing argument by counsel for the Commission, counsel for Defendants Rabinovich & Associates and Rabinovich, and finding that a proper showing had been made, on November 26, 2007, the Court issued an Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief (the "Order to Show Cause"), which, among other things, scheduled a hearing for December 12, 2007, on the Commission's application for a preliminary injunction and other interim relief;

At the December 12, 2007, hearing (the "Hearing"), Defendants Rabinovich and Lovaglio, by their counsel, consented to an entry of an order for a preliminary injunction. Defendant Rabinovich & Associates failed to appear at the Hearing.

The Court having considered all the papers filed in support of the Commission's application, no papers having been filed by any of the Defendants in opposition to the application; the Affidavits of Service of Defendants Rabinovich & Associates, Rabinovich and Lovaglio, dated November 28, 2007 and filed with the Court; and having heard argument at the Hearing, the Court makes the following findings:

1. This Court has jurisdiction over the subject matter of this action and over the Defendants Rabinovich & Associates, Rabinovich and Lovaglio;

2. All of the Defendants were served with the Order to Show Cause, Complaint and supporting papers on November 27, 2007, and thus received sufficient and proper notice of the Hearing; and

3. The Commission has made a sufficient and proper showing in support of the relief granted herein under Section 20(b) of the Securities Act of 1933 ("Securities Act"), Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"), Section 209(e) of the Investment Advisers Act of 1940 ("Advisers Act"), and Section 42(d) of the Investment Company Act, for the following reasons:

    a. The Commission has made a substantial showing of the likelihood that Defendants have violated, and, unless preliminarily enjoined, will continue to violate, Sections 5(a), 5(c) and 17(a) of the Securities Act and Sections 10(b) and 15(a) of the Exchange Act and Exchange Act Rule 10b-5, as charged in the Complaint;

    b. The Commission has made a substantial showing of the likelihood that Defendant Rabinovich has violated, and, unless preliminarily enjoined, will continue to violate, Section 206(4) of the Advisers Act and Advisers

       Act Rule 206(4)-8, as charged in the Complaint, and that Defendant Lovaglio has aided and abetted Rabinovich's violations of Section 206(4) of the Advisers Act and Advisers Act Rule 206(4)-8 and, unless preliminarily enjoined, will continue to aid and abet Rabinovich's violations, as charged in the Complaint;

c. The Commission has made a substantial showing of the likelihood that Defendant Rabinovich & Associates has violated, and unless preliminarily enjoined, will continue to violate, Section 7(a) of the Investment Company Act, as charged in the Complaint;

d. The Commission has made a substantial showing of the likelihood that Rabinovich & Associates is under the control of Rabinovich as its general partner;

e. It appears that Defendants may attempt to dissipate or transfer from the jurisdiction of this Court, funds, property and other assets that could be subject to an order of disgorgement or an order imposing civil penalties;

f. It appears that an order freezing Defendants' assets, as specified herein, is necessary to preserve the status quo, and to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims of the fraud;

g. It appears that an order requiring each of the Defendants to provide a verified accounting of all assets, money and property held directly or indirectly by the Defendants, or by others for each of the Defendants'

       direct and indirect beneficial interest, is necessary to effectuate and ensure compliance with the freeze imposed on the Defendants' assets;

  h.    It appears that an order prohibiting Defendants, their officers, agents, employees, attorneys, or other professionals, anyone acting in concert with them or on their behalf, and any third party from filing a bankruptcy petition without three (3) days' notice to the Commission and this Court is necessary to preserve the status quo and to preserve the Court's ability to approve a fair distribution for victims of the fraud; and

  i.    It appears that Defendants may attempt to destroy, alter or conceal documents.

**NOW, THEREFORE,**

### I.

**IT IS HEREBY ORDERED** that, pending a final disposition of this action, Defendants, and each of them, their officers, agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are enjoined from, directly or indirectly, singly or in concert:

  a.    unless a registration statement is in effect as to any security, (i) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise, or (ii) carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or delivery; or

    b.    making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed as to such security, or while the registration statement is the subject of a refusal or stop order or (prior to the effective date of the registration statement) any public proceeding under Section 8 of the Securities Act,

in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c).

## II.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendants, and each of them, their officers, agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are enjoined from, directly or indirectly, singly or in concert, in the offer or sale of any security, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    a.    employing any device, scheme or artifice to defraud;

    b.    obtaining money or property by means of an untrue statement of material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and

    c.    engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in violation of Section 17(a) of the Securities Act.

## III.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendants, and each of them, their officers, agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are enjoined from, directly or indirectly, singly or in concert, in connection with the purchase or sale of any security, by use of any means or instrumentality of interstate commerce, or of the mails, or any facility of any national securities exchange:

    a.    employing any device, scheme or artifice to defraud;

    b.    making any untrue statement of material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and

    c.    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

### IV.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendants, and each of them, their officers, agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with him who receive actual notice of this Order by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are enjoined from, directly or indirectly, while not registered with the Commission as a broker, making use of the mails or means and instrumentalities of interstate commerce to effect transactions in, or to induce or attempt to induce the purchase or sale of, securities, in violation of Section 15(a) of the Exchange Act.

### V.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Rabinovich and Lovaglio, and each of them, their officers, agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are enjoined from, directly or indirectly, singly or in concert by use of the mails or any means or instrumentality of interstate commerce, while acting as an investment adviser to a pooled investment vehicle:

    a.    making any untrue statement of a material fact or to omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

7

b.  otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle,

in violation of Section 206(4) of the Advisers Act and Rule 206(4)-8.

## VI.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendant Rabinovich & Associates, and its officers, agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with it who receive actual notice of this Order by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are enjoined from, directly or indirectly, while not registered as an investment company, offering to sell, selling, delivering after sale to the public, purchasing or otherwise acquiring or attempting to acquire securities by the use of the mails or another means or instrumentality of interstate commerce, in violation of Section 7(a) of the Investment Company Act.

## VII.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendants, and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, and each of them, are enjoined to hold and retain within their control, and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of, Defendants,

including, but not limited to entities owned or controlled by, related to, or associated or affiliated with Defendants (the "Affiliated Entities"), whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of Defendants to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties including, but not limited to all assets, funds, or other properties held in the following accounts:

| Account Number | Name of Account Holder | Institution |
| --- | --- | --- |
| 831-056-2058 | Rabinovich & Associates, LP | Astoria Federal Savings Bank |
| 172-65972 | Rabinovich & Associates | TradeStation Securities |
| 740406384 | Rabinovich & Associates | JPMorgan Chase |
| 2731042467 | Rabinovich & Associates | JPMorgan Chase |
| 763518032 | Alex Rabinovich | JPMorgan Chase |
| 2743514966 | Alex Rabinovich | JPMorgan Chase |
| 108946583 | Joseph Lovaglio | Fidelity Investments |
| 83107-74512 | Joseph Lovaglio | Astoria Federal Savings Bank |
| 83107-56581 | Joseph Lovaglio | Astoria Federal Savings Bank |
| 83107-56581 | MP Capital, LLC | Astoria Federal Savings Bank |
| 83107-56566 | Foreclosure Private Client Group, LLC | Astoria Federal Savings Bank |
|  | Foreclosure Private Client Group, LLC | Commerce Bank |

## VIII.

**IT IS FURTHER ORDERED** that the obligations of Defendants under Paragraph XII of the Order to Show Cause to file with this Court and serve upon Plaintiff Commission verified written accountings, under penalty of perjury, remain in effect.

## IX.

**IT IS FURTHER ORDERED** that, pending final disposition of this action, Defendants, and any person or entity acting at their direction or on their behalf, be and hereby are enjoined and restrained from destroying, altering, concealing or otherwise interfering with the access of Plaintiff Commission to any and all documents, books, and records that are in the possession, custody or control of Defendants and each of their respective officers, agents, employees, servants, accountants, financial or brokerage institutions, or attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities, including, but not limited to, the Affiliated Entities, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books and records referring, reflecting or relating to Defendants' finances or business operations, or the offer, purchase or sale of Rabinovich & Associates partnership interests or the offer, purchase or sale of other securities offered or sold by Rabinovich & Associates, Rabinovich, or Lovaglio, and the use of proceeds therefrom.

## X.

**IT IS FURTHER ORDERED** that no creditor or claimant against any of Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the control, possession, or management of the assets.

## XI.

**IT IS FURTHER ORDERED** that, pending final disposition of this action, Defendants and anyone acting in concert with them, and any third party, are enjoined from filing a bankruptcy proceeding on behalf of the Defendant without at least three (3) days' notice to the Commission and approval of this Court.

## XII.

**IT IS FURTHER ORDERED** that discovery is expedited as follows: pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), the parties may:

A.  Take depositions subject to ten (10) calendar days' notice by facsimile or otherwise;

B.  Obtain the production of documents from third parties, within ten (10) calendar days from service by facsimile or otherwise of a subpoena; and

C.  Service of any discovery requests, notices, or subpoenas may be made by hand delivery, facsimile, overnight courier, or first-class mail on the party's attorney, or, if a party is not represented by counsel, on the party itself. Notwithstanding anything herein that may be construed to the contrary, the parties shall retain their rights to assert any applicable privilege.

## XIII.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon Defendants and each of their respective officers, agents, servants, employees, attorneys-in-fact, subsidiaries, affiliates and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise.

## XIV.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for all purposes.

_____
UNITED STATES DISTRICT JUDGE

Dated: January 14, 2008
       New York, NY