UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                        Plaintiff,                    07 CV 10547

-against-
                                                                          MOTION TO STAY
                                                                          CIVIL PROCEEEDINGS

RABINOVICH & ASSOCIATES, L.P.,
ALEX RABINOVICH AND
JOSEPH LOVAGLIO,

                        Defendants.
-----------------------------------------------------------X

## MOTION FOR PROTECTIVE ORDER PURSUANT TO F.R.C.P. 26(C) AND

## FOR STAY OF PROCEEDINGS

**COMES NOW** Alex Rabinovich and Joseph Lovaglio (referred to as "Defendants"), respectfully requesting this Court issue a Protective Order pursuant to F.R.C.P. 26(C) and to stay the above-styled case until the conclusion of criminal proceedings against Defendants.

### FACTUAL BACKGROUND

On or about November 26, 2007, the Securities and Exchange Commission ("SEC") filed the above captioned case. The instant Complaint charges that the defendants have defrauded investors and prospective investors, were unlawfully operating as unregistered Broker-Dealers and offering and selling securities in an unregistered offering. Thereby alleging criminal activity on a facial basis.

The Complaint thus alleging that the defendants have violated Sections 5(a) and (c) and 17(a) of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934. In addition to emergency and preliminary relief, the Complaint also sought permanent injunctions, disgorgement and civil penalties. Notably, the aforementioned section of the Securities Exchange Act, which the SEC has alleged has been violated, contains criminal penalties (emphasis added).

Shortly after the filing, defense counsel because aware of an Assistant United States District Attorney (hereinafter "A.U.S.A.").

It has been more than sixty (60) days when the initial Complaint was filed by the SEC. In that time, defense counsel together with its investigation into the matter and experience have concluded that such investigations meet the standards of a criminal prosecution.

SEC's letters, document requests and depositions of the partners all have the indication that there are criminal allegations.

In light of the above criminal allegations, defendants deserve deference and are unable to meaningfully participate in this civil litigation at this time and possess a real, present apprehension of harm if this case is not stayed.

**ARGUMENT**

This civil proceeding, if not temporarily deferred, will either undermine the Defendants' Fifth Amendment privilege against self-incrimination or unfairly have Defendants' assertions of the privilege used against them as an adverse inference concerning the merits of their defenses in the instant matter.

A court has discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions "where the interests of justice seem to require such action, sometimes at the request of the prosecution…sometimes at the request of the defense." United States v. Kordel, 397 US 1, 12 n. 27 (1970).

There is a strong case for deferring civil proceedings where a party alleged to have engaged in a criminal offense is required to defend a civil or administrative action involving the same matter. Securities and Exchange Commission v. Dresser Industries, Inc., 628 F.2d 1368, 1375-76 (D.C. Cir. 1980). See also, Wehling v. Columbia Broadcasting System, 608 F.2d 1084, 1089 (5 Cir. 1979) rehearing denied, 611 F.2d 1026.

Courts generally apply a balancing test, weighing the advantages to the movant against the harm to others, which would result from granting the motion for a stay. A district court may weigh several factors: the timeliness of the motion; the extent to which the issues in the criminal case overlap with those presented in the civil case; the status of the criminal case, including whether the defendants have been indicted; the plaintiff's interest in proceeding expeditiously with the litigation as balanced against the prejudice to the plaintiff if delayed; the private interests of and burden on the defendant; the convenience

to the courts; the interests of persons not parties to the litigation; and the public interest. See United States v. Certain Real Prop. & Premises Unknown as: 4003-4005 5th Ave, 55 F.3d 78, 84 (2d Cir. 1995) ("how and when the privilege was invoked"); Gala Enters, Inc. v. Hewlett Packard Co., 1996 WL 732636, at *2 (S.D.N.Y. Dec. 20, 1996); Arden Way Assocs. v. Boesky, 660 F. Supp. 1494, 1497 (S.D.N.Y. 1987).

Although the strongest argument for a stay in a civil case occurs after an indictment is returned. (See Southern District of New York Judge Milton Pollak in Parallel Civil and Criminal Proceedings, 129 F.R.D. 201, 203(1989) ("potential harm to civil litigants arising from delaying them is reduced to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act"); Dienstag v. Bronsen, 49 F.R.D. 327 (S.D.N.Y. 1970) (civil discovery stayed where criminal case pending to protect Fifth Amendment privilege), an indictment in this matter appears imminent.

The facts underlying the criminal investigation are at the very center of discovery demands being made by Plaintiff's counsel. Thus, the prejudice to the Defendants' in the instant case by proceeding immediately with discovery and other timetables set in this matter is great.

If the civil proceeding is allowed to proceed, an "adverse inference" instruction will no doubt be requested by the SEC concerning Defendant's over their assertion of the Fifth Amendment privilege. If the Defendants' intend to testify in this matter, their testimony, at a minimum, could arguably be used to bolster the A.U.S.A.'s articulated attempt to convict them in connection with the same conduct.

The Fifth Amendment privilege "…can be asserted in any proceedings, civil or criminal, administrative or judicial, investigatory or adjudicatory; and protects against any disclosures that the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." Kastigar v. United States, 406 U.S. 441, 444 (1972).

The privilege is available in civil prosecutions brought by the executive agencies of the United States such as the Securities & Exchange Commission, and may be raised in response to government discovery requests, including requests for admissions pursuant to F.R.C.P. 36. See SEC v. Zimmerman, 854 F. Supp. 896, 898 (N.D. Ga. 1993)

The Defendants are entitled to assert their Fifth Amendment privilege in the instant matter because the discovery sought by SEC counsel could potentially be utilized in future government prosecutions; under such circumstances the Government may not compel incriminatory testimony. See: United States v. Gaitan-Acevedo, 148 F.3d 577, 588 (6th Cir. 1998); United States v. Velasquez, 141 F.3d 1280, 1282 (8th Cir. 1997); accord United States v. Balsys, 524 U.S. 666 (1998).

The filing of the instant Motion is timely and not premature, inasmuch as this proceeding is not in its infancy (emphasis added). The Defendants' have and will continue to assert their Fifth Amendment privilege to all discovery until the threatened criminal component of this matter is concluded unless they are provided protection coextensive with the protections set forth in Kastigar v. United States, 406 U.S. 441 (1972); See: also SEC v. Graystone Nash, Inc. 25 F.3d 187, 194 (3d Cir. 1994) ("The Court should explore all

possible measures in order to select the means which strikes a fair balance and accommodates both parties").

Fifth Amendment protection extends not only to evidence which may directly support a criminal conviction, but to information which would furnish a link in the chain of evidence that could lead to prosecution, as well as evidence which an individual reasonably believes could be used against him in a criminal prosecution. Marchetti v. United States; 390 U.S. 39 (1968); McCarthy v. Arndstein, 266 U.S. 34 (1924); Ohio v. Reiner, 532 U.S. 17, 20-21 (2001), citing Hoffman v. United States, 341 U.S. 479, 486 (1951). "It need only be evident from the implications of the question, in the setting in which it is asked, that a response answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." Ohio v. Reiner, 532 U.S. 20-21, citing Hoffman, 341 U.S. 486-487.

In determining a claim of privilege under the Fifth Amendment, deference is accorded to those who seek to invoke the privilege. United States v. Lowell, 649 F.2d 950, 963-64 (3d Cir. 1981). There is a strong presumption against finding a person has waived a constitutional right. Johnson v. Zerbst, 304 U.S. 458, 464 (1938), and a waiver of the Fifth Amendment privilege must be knowingly, intelligently and voluntarily waived. Gardener v. Broderick, 392 U.S. 273, 276 (1968).

In determining whether a response may incriminate, courts cannot compel an individual to respond since compelling a response would "surrender the very protection the privilege is designed to guarantee." Hoffman v. United States, 341 U.S. 479, 486 (1951). The

privilege may be invoked even though an individual insists that he has never committed a crime and is innocent. Ohio v. Reiner, 532 U.S. 17, 21 (2001): "To the contrary, we have emphasized that one of the Fifth Amendment's basic functions…is to protect innocent [individuals]…who otherwise might be ensnared by ambiguous circumstances."; Grunewald v. United States, 353 U.S. 391, 421 (1957).

A response cannot be compelled unless it is "perfectly clear" from a careful consideration of all the circumstances in the case that the witness "cannot possibly" incriminate himself. Hoffman, 341 U.S. at 488. "[There are testimonial and potentially incriminating communications inherent in the act of responding to a subpoena which may themselves be protected by the Fifth Amendment." United States v. Hubbell, 167 F.3d 552 (D.C. Cir. 1999), affirmed, 120 S. Ct. 2037 (1999). The act of production communicates at least four different statements. It testifies to the fact that: (i) documents responsive to a given subpoena exist; (ii) they are in possession or control of the subpoenaed party; (iii) the documents provided in response to the subpoena are authentic; and (iv) the responding party believes that the documents produced are those described in the subpoena. Hubbell, 167 F.3d 567-68.

In Fisher v. United States, 425 U.S. 391 (1976), the Supreme Court also held that the act of producing documents pursuant to a subpoena duces tecum is protected by the Fifth Amendment privilege. The Fisher holding was restated by the Supreme Court in United States v. Doe, 465 U.S. 605 (1984): the act of production and its implicit authentication of the documents could constitute a testimonial communication, and absent a grant of immunity, a person could not be compelled to produce business records. Precisely when

the act of production is sufficiently testimonial to come within the umbrella of Fifth Amendment protection is a case specific, factual inquiry in this "admittedly abstract and under determined area of the law." Hubbell, 167 F.3d at 570. "Compelled testimony that communicates information that may "lead to incriminating evidence" is privileged even if the information itself is not inculpatory." Doe v. United States, 487 U.S. 201, 208 n6 (1988); United States v. Hubbell, 120 S. Ct. 2037, 2044 (2000).

The Supreme Court concluded in Hubbell: In sum, we have no doubt that the constitutional privilege against self-incrimination protects the target of a grand jury investigation [such as Defendants' in the instant case] from being compelled to answer questions designed to elicit information about the existence of sources of potentially incriminating evidence. That constitutional privilege has the same application to the testimonial aspect of a response to a subpoena seeking discovery of those sources. Id. at 2047.

The Defendants are not a voluntary party to this action. At the present time, they are committed to defending this litigation in a professional manner. Defendants cannot be defaulted, or be required to surrender their right to defend this case merely because they have a realistic apprehension that even their innocent responses during discovery or trial will be used by the government in an attempt to harm Defendants. Ohio v. Reiner, 532 U.S. 17, 21 (2001); Grunewald v. United States, 353 U.S. 391, 421 (1957); Mitchell v. United States, 526 U.S. 314 (1999); Heath v. Alabama, 474 U.S. 82 (1985).

We submit that the SEC's interests in resolving this case quickly are virtually non-existent. To the contrary, a stay of these proceedings frees up valuable resources and attorney time to pursue conduct that poses a *present* danger to investors and the public. Here, the alleged harm is not ongoing in nature. A delay of this civil proceeding will not seriously jeopardize any public or government interest. This Court has already issued a Restraining Order enjoining and restraining Defendants' from any subsequent securities violations, as well as, prohibited by Defendants' and their agents, representatives, servants, employees, family members and others from selling, transferring, assigning, pledging, distributing, giving away, encumbering or otherwise participating in the disposal of or removal from the jurisdiction of the Court of any property. The Restraining Order similarly provides that no evidence will be lost or destroyed during the imposition of the stay order.

Similarly, a stay will not undermine any third party interest or court interest concerning this case when balanced against the Defendant's Due Process right to defend this case and assert their Fifth Amendment privilege against self-incrimination. We are sensitive to the Court's interest in expeditiously resolving cases. However, that interest sometimes must fall when balanced against a litigant's constitutional rights. In Simmons v. United States, 390 U.S. 377, 394 (1968) (The Supreme Court has disapproved of procedures which require a party to surrender one constitutional right in order to assert another).

A stay until the conclusion of Defendant's criminal proceedings will only lead to a full and fair consideration of the issues in this case.

## CONCLUSION

All courts have broad powers to regulate or prevent discovery. A stay of these proceedings is well within the discretion of the District Court.

A stay of this civil suit would not be prejudicial to any party or injure the public trust, or frustrate any important governmental interest. However, the refusal to grant a stay will cripple Defendant's ability to defend this action, result in substantial prejudice to their rights and deny them due process of law. The SEC's participation in this matter is disguised as a civil matter, in fact they are a tool for a criminal indictment.

The Defendants have not claimed that they will refuse to testify at trial or refuse to participate in discovery. Instead, they ask only that discovery and trial be stayed until all threat of criminal liability in connection with such participation has ended. No unfairness to SEC counsel will result from granting this request. Wehling v. Columbia Broadcasting System, 608 F.2d 1084, 1087-88 (5th Cir. 1980), rehearing denied, 611 F.2d 1026.

Dated: New York, New York
January 28, 2008

_____
Salvatore E. Strazzullo, Esq.
Attorney for Defendant
Alex Rabinovich
100 Park Avenue
Suite 1600
New York, N.Y. 10017
(212) 551-3224
(212) 926-5001

_____
Vincent J. Romano, Esq.
Attorney for Defendant
Joseph Lavaglio
9201 4th Avenue
Suite 704
Brooklyn, N.Y. 11209
(718) 852-5200
(718) 333-1246 Facsimile

01/21/2008  12:26    7183331246                    ROMANO ESQS                        PAGE  02

TO: Mark K. Schonfeld (MS-2798)
     Attorneys for Plaintiff
     Securities and Exchange Commission
     New York Regional Office
     3 World Financial Center
     Suite 400
     New York, N.Y. 10281-1022
     (212) 336-0145 (Michael Paley, Esq.)

01/21/2008  12:26   7183331246                    ROMANO ESQS                              PAGE  03

Proposed Order concerning Motion for Protective Order Pursuant to Civ. R. 26(C) and for Stay of Proceedings.

Respondent's Counsel filed a motion for Protective Order and Stay of Proceedings.

After balancing the interests of the parties and the public concerning the motion, IT IS HEREBY ORDERED that the motion for the stay of proceedings is GRANTED. The case is stayed until _____.

Lovaglio's counsel and Rabinovich's counsel are directed to notify the Court when Mr. Lovaglio and Mr. Rabinovich are _____.

Dated:                                  So Ordered:

                                        _____