UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
SECURITIES AND EXCHANGE COMMISSION, :
:
Plaintiff, :
: 07 Civ. 10547 (GEL)
-v.- :
: **ORDER**
RABINOVICH & ASSOCIATES, LP, :
ALEX RABINOVICH, and JOSEPH LOVAGLIO, :
:
Defendants. :
:
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      Defendants Alex Rabinovich and Joseph Lovaglio move to stay all proceedings in this SEC enforcement action, or alternatively for an unspecified protective order, on the ground that their conduct is being simultaneously investigated by the Department of Justice. The motion will be denied.

      The situation of persons simultaneously sued by the SEC and under investigation by criminal prosecutors is not enviable. It is well established, however, that "[n]othing in the Constitution forbids contemporaneous civil and criminal proceedings concerning the same subject matter." Nosik v. Singe, 40 F.3d 592, 596 (2d Cir. 1994). "In the absence of substantial prejudice to the rights of the parties involved, [parallel civil and criminal] proceedings are unobjectionable under our jurisprudence." SEC v. Dresser Industries, Inc., 628 F.2d 1368, 1374 (D.C. Cir. 1980). In exercising the court's discretion to stay civil proceedings when required in "the interests of justice," United States v. Kordel, 397 U.S. 1, 12 n.27 (1970), the court balances a number of factors, set forth at length in Sterling Nat. Bank v. A-1 Hotels Intern., Inc., 175 F. Supp. 2d 573, 575-77 (S.D.N.Y. 2001).

      Here, those factors counsel against a broad stay such as defendants request. First, the stage of the criminal investigation does not suggest the need for a stay. Defendants' motion provides virtually no information suggesting the nature or stage of the criminal investigation. The SEC acknowledges that the Department of Justice is investigating the [d]efendants' activities" (P. Br. 2), and the defendants say only that "defense counsel beca[me] aware of an Assistant United States District Attorney," and that the SEC's actions "have the indication that there are criminal allegations" (D. Br. 2). It is not clear that a grand jury has been empaneled or subpoenas issued. It has come to the Court's attention since the motion was fully briefed that defendant Rabinovich has waived indictment and pled guilty to an information charging him with securities fraud. See United States v. Rabinovich, No. 08 Cr. 220 (DC) (S.D.N.Y. Mar. 14, 2008). While Rabinovich retains a Fifth Amendment privilege pending his sentence, his guilty

plea undermines any claim that his defense of the civil case could be compromised by asserting the privilege in connection with discovery. As to defendant Lovaglio, the existence and status of any criminal investigation remains entirely unknown to the Court.

Second, civil discovery is well advanced. Defendants have already been deposed, nearly three months before making this motion, and have already exercised their Fifth Amendment privilege. It is thus too late to suggest that continued discovery will put them to a choice of testifying to their detriment in the criminal case or asserting the privilege and prejudicing their defense here.

Third, the outstanding discovery requests of the SEC, which have been pending for months without any response from the defendants, appear mostly to involve corporate documents as to which there is no privilege at all.

Courts should not block parallel proceedings by the SEC and the Department of Justice absent "special circumstances" suggesting that the proceedings in the particular case would "demonstrably prejudice[] substantial rights of the investigated party or the government." Dresser Industries, 628 F.2d at 1374. Defendants here have not even attempted to make such a showing. Indeed, as discussed above, the particular circumstances of this case tend to suggest on the contrary that permitting the pending discovery to go forward will be less prejudicial than in the typical case.

The SEC indicates that it expects to bring a motion to compel the discovery that the defendants have refused to provide to date. Defendants will be free, in resisting any such motion, to argue any particular privilege they possess, or any reason why compelling discovery will be unfairly prejudicial to them. Any arguments, of course, will have to be made with reference to the specific document requests or other discovery that is requested. In that context, the arguments will be more focused, and it may be that some particular demand may be found to involve the kind of "special circumstances" contemplated by the Dresser court. But nothing about the record to this point warrants the kind of blanket stay, or general protective order, sought by the defendants.

Accordingly, the defendants' motion is denied.

SO ORDERED.

Dated: New York, New York
       March 17, 2008

_____
GERARD E. LYNCH
United States District Judge