UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/9/08
```

---------------------------------------------------------------

SECURITIES AND EXCHANGE COMMISSION,      :
                                         :
                          Plaintiff,     :    07 Civ. 10547 (GEL)
                                         :
              - against -                :    JUDGMENT OF
                                         :    PERMANENT INJUNCTION
                                         :    AND OTHER RELIEF
RABINOVICH & ASSOCIATES, LP,             :    BY CONSENT AGAINST
ALEX RABINOVICH, and                     :    DEFENDANT
JOSEPH LOVAGLIO,                         :    **ALEX RABINOVICH**
                                         :
                          Defendants.    :
---------------------------------------------------------------x

The Securities and Exchange Commission having filed a Complaint and Defendant Alex

Rabinovich having entered a general appearance; consented to the Court's jurisdiction over

Defendant and the subject matter of this action; consented to entry of this Judgment of Permanent

Injunction and Other Relief By Consent Against Defendant Alex Rabinovich ("Judgment")

without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived

findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act

of 1933 (the "Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any

applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any
        means or instruments of transportation or communication in interstate commerce
        or of the mails to sell such security through the use or medium of any prospectus
        or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to
        be carried through the mails or in interstate commerce, by any means or
        instruments of transportation, any such security for the purpose of sale or for
        delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in
        interstate commerce or of the mails to offer to sell or offer to buy through the use
        or medium of any prospectus or otherwise any security, unless a registration
        statement has been filed with the Commission as to such security, or while the
        registration statement is the subject of a refusal order or stop order or (prior to the
        effective date of the registration statement) any public proceeding or examination
        under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
and Defendant's agents, servants, employees, attorneys, and all persons in active concert or
participation with them who receive actual notice of this Judgment by personal service or
otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities
Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or
instruments of transportation or communication in interstate commerce or by use of the mails,

2

directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

3

(c)    to engage in any act, practice, or course of business which operates or would
       operate as a fraud or deceit upon any person.

**IV.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
and Defendant's agents, servants, employees, attorneys, and all persons in active concert or
participation with them who receive actual notice of this Judgment by personal service or
otherwise are permanently restrained and enjoined from, directly or indirectly, while not
registered with the Commission as a broker, making use of the mails or means and
instrumentalities of interstate commerce to effect transactions in, or to induce or attempt to
induce the purchase or sale of, securities, in violation of Section 15(a) of the Exchange Act [15
U.S.C. § 78o(a)].

**V.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
and Defendant's agents, servants, employees, attorneys, and all persons in active concert or
participation with them who receive actual notice of this Judgment by personal service or
otherwise are permanently restrained and enjoined from, directly or indirectly, singly or in
concert, by use of the mails or any means or instrumentality of interstate commerce, while acting
as an investment adviser to a pooled investment vehicle:

(a)    making any untrue statement of a material fact or to omitting to state a material
       fact necessary to make the statements made, in the light of the circumstances

4

under which they were made, not misleading, to any investor or prospective

investor in the pooled investment vehicle; or

(b)     otherwise engaging in any act, practice, or course of business that is fraudulent,

deceptive, or manipulative with respect to any investor or prospective investor in

the pooled investment vehicle,

in violation of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule

206(4)-8 [17 C.F.R. § 275.206(4)-8].

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty

pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Section 21(d)(3) of the

Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-

9(e)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion

of the Commission. Prejudgment interest shall be calculated from November 1, 2003, based on

the rate of interest used by the Internal Revenue Service for the underpayment of federal income

tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for

disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will

be precluded from arguing that he did not violate the federal securities laws as alleged in the

Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c)

solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and

deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the

basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and

5

documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Alex Rabinovich is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

6

## CONSENT OF DEFENDANT ALEX RABINOVICH

1.    Defendant Alex Rabinovich ("Defendant") acknowledges having been served
with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction
over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as to
personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to
the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by
reference herein, which, among other things:

> (a)    permanently restrains and enjoins Defendant from violation of Sections
> 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act") [15
> U.S.C. § 77e(a) and (c), and 15 U.S.C. § 77q(a)], Sections 10(b) and 15(a)
> of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §
> 78j(b), and 15 U.S.C. § 78o(a)] and Exchange Act Rule 10b-5 [17 C.F.R.
> § 240.10b-5], and Section 206(4) of the Investment Advisers Act of 1940
> ("Advisers Act") [15 U.S.C. § 80b-6(4)] and Advisers Act Rule 206(4)-8
> [17 C.F.R. § 275.206(4)-8]; and

> (b)    orders Defendant to pay disgorgement of ill-gotten gains, prejudgment
> interest thereon, and a civil penalty pursuant to Section 20(d) of the
> Securities Act [15 U.S.C. § 77t(d)], and Section 21(d)(3) of the Exchange
> Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15
> U.S.C. § 80b-9(e)], in amounts to be determined by the Court at a later
> time upon motion of the Commission.

7

3.    Defendant agrees that the Court shall order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. Defendant further agrees that the amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of the Commission, and that prejudgment interest shall be calculated from November 1, 2003, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

4.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

8

6.    Defendant enters into this Consent voluntarily and represents that no threats,

offers, promises, or inducements of any kind have been made by the Commission or any

member, officer, employee, agent, or representative of the Commission to induce Defendant to

enter into this Consent.

7.    Defendant agrees that this Consent shall be incorporated into the Judgment with

the same force and effect as if fully set forth therein.

8.    Defendant will not oppose the enforcement of the Judgment on the ground, if any

exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby

waives any objection based thereon.

9.    Defendant waives service of the Judgment and agrees that entry of the Judgment

by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms

and conditions. Defendant further agrees to provide counsel for the Commission, within thirty

days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration

stating that Defendant has received and read a copy of the Judgment.

10.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted

against Defendant in this civil proceeding. Defendant acknowledges that no promise or

representation has been made by the Commission or any member, officer, employee, agent, or

representative of the Commission with regard to any criminal liability that may have arisen or

may arise from the facts underlying this action or immunity from any such criminal liability.

Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding,

including the imposition of any remedy or civil penalty herein. Defendant further acknowledges

that the Court's entry of a permanent injunction may have collateral consequences under federal

9

or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

other regulatory organizations. Such collateral consequences include, but are not limited to, a

statutory disqualification with respect to membership or participation in, or association with a

member of, a self-regulatory organization. This statutory disqualification has consequences that

are separate from any sanction imposed in an administrative proceeding. In addition, in any

disciplinary proceeding before the Commission based on the entry of the injunction in this action,

Defendant understands that he shall not be permitted to contest the factual allegations of the

complaint in this action.

      11.     Defendant understands and agrees to comply with the Commission's policy "not

to permit a defendant or respondent to consent to a judgment or order that imposes a sanction

while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In

compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to

be made any public statement denying, directly or indirectly, any allegation in the complaint or

creating the impression that the complaint is without factual basis; and (ii) that upon the filing of

this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they

deny any allegation in the complaint. If Defendant breaches this agreement, the Commission

may petition the Court to vacate the Judgment and restore this action to its active docket.

Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take

legal or factual positions in litigation or other legal proceedings in which the Commission is not a

party.

      12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.    In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14.    Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

11

15.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Judgment.

Dated: __5/16__, 2008

_____
Alex Rabinovich

On __MAY 16__, 2008, Alex Rabinovich, a person known to me, personally
appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: January 2, 2011

MARIA PATELIS
Notary Public, State of New York
No. 02PA6053134 Richmond
Qualified in Kings County
Commission Expires Jan 02, 20 11

Approved as to form:

_____
Salvatore Strazzullo, Esq.
Strazzullo Law Firm
100 Park Avenue, Suite 1600
New York, NY 10017
Tel. (718) 259-4600
Attorney for Defendant Alex Rabinovich

SO ORDERED:

Dated: __June 9__, 2008

_____
UNITED STATES DISTRICT JUDGE

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

12

## United States District Court
## Southern District of New York
### Office of the Clerk
### U.S. Courthouse
### 500 Pearl Street, New York, N.Y. 10007-1213

Date:

In Re:

-v-

Case #:                    (        )

Dear Litigant,

Enclosed is a copy of the judgment entered in your case.

Your attention is directed to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, which requires that if you wish to appeal the judgment in your case, you must file a notice of appeal within 30 days of the date of entry of the judgment (60 days if the United States or an officer or agency of the United States is a party).

If you wish to appeal the judgment but for any reason you are unable to file your notice of appeal within the required time, you may make a motion for an extension of time in accordance with the provision of Fed. R. App. P. 4(a)(5). That rule requires you to show "excusable neglect" or "good cause" for your failure to file your notice of appeal within the time allowed. Any such motion must first be served upon the other parties and then filed with the Pro Se Office no later than 60 days from the date of entry of the judgment (90 days if the United States or an officer or agency of the United States is a party).

The enclosed Forms 1, 2 and 3 cover some common situations, and you may choose to use one of them if appropriate to your circumstances.

The Filing fee for a notice of appeal is $5.00 and the appellate docketing fee is $450.00 payable to the "Clerk of the Court, USDC, SDNY" by certified check, money order or cash. **No personal checks are accepted.**

J. Michael McMahon, Clerk of Court

by: _____

, Deputy Clerk

APPEAL FORMS

Docket Support Unit

Revised: April 9, 2006

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
-------------------------------------------X
                                           |        NOTICE OF APPEAL
                                           |
                                           |
              -V-                          |
                                           |        civ.         (   )
                                           |
                                           |
-------------------------------------------X
```

     Notice is hereby given that _____
                                                (party)
hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment [describe it]




entered in this action on the _____ day of _____ , _____ .
                                     (day)                    (month)        (year)

                                   _____
                                            (Signature)

                                   _____
                                            (Address)

                                   _____
                                   (City, State and Zip Code)

Date: _____        (      )_____-_____
                                             (Telephone Number)

**Note:** You may use this form to take an appeal provided that it is <u>received</u> by the office of the Clerk of the District Court within 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

FORM 1

## United States District Court
## Southern District of New York
### Office of the Clerk
### U.S. Courthouse
### 500 Pearl Street, New York, N.Y. 10007-1213

```
------------------------------------------X
                                          |
                                          |          MOTION FOR EXTENSION OF TIME
                                          |            TO FILE A NOTICE OF APPEAL
                                          |
              -V-                         |
                                          |              civ.          (    )
                                          |
                                          |
------------------------------------------X
```

Pursuant to Fed. R. App. P. 4(a)(5), _____ respectfully
                                                          (party)

requests leave to file the within notice of appeal out of time. _____
                                                                            (party)

desires to appeal the judgment in this action entered on _____ but failed to file a
                                                                  (day)

notice of appeal within the required number of days because:

[Explain here the "excusable neglect" or "good cause" which led to your failure to file a notice of appeal within the required number of days.]

<br/>

_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

Date: _____      (     ) _____-_____
                                        (Telephone Number)

<u>**Note:**</u> You may use this form, together with a copy of Form 1, if you are seeking to appeal a judgment and did not file a copy of Form 1 within the required time. If you follow this procedure, these forms must be <u>received</u> in the office of the Clerk of the District Court no later than 60 days of the date which the judgment was entered (90 days if the United States or an officer or agency of the United States is a party).

APPEAL FORMS

Docket Support Unit                                              Revised: April 9, 2006

FORM 2

# United States District Court
## Southern District of New York
### Office of the Clerk
### U.S. Courthouse
### 500 Pearl Street, New York, N.Y. 10007-1213

----------------------------------------X
                                |

                                |               **NOTICE OF APPEAL**

                                |                      **AND**

        -V-              |   **MOTION FOR EXTENSION OF TIME**

                                  |

                                |         civ.         (   )

                                |

----------------------------------------X

1.    Notice is hereby given that _____ hereby appeals to
                                   (party)

the United States Court of Appeals for the Second Circuit from the judgment entered on _____.
                          [Give a description of the judgment]

2.    In the event that this form was not received in the Clerk's office within the required time

_____ respectfully requests the court to grant an extension of time in
           (party)

accordance with Fed. R. App. P. 4(a)(5).

     a.    In support of this request, _____ states that
                                 (party)

this Court's judgment was received on _____ and that this form was mailed to the
                              (date)

court on _____ .
           (date)

                               _____

                                   (Signature)

                               _____

                                   (Address)

                               _____

                          (City, State and Zip Code)

Date: _____         (   ) _____-_____

                                  (Telephone Number)

**Note:** You may use this form if you are mailing your notice of appeal and are not sure the Clerk of the
District Court will <u>receive</u> it within the 30 days of the date on which the judgment was entered (60 days if
the United States or an officer or agency of the United States is a party).

APPEAL FORMS

Docket Support Unit

Revised: April 9, 2006

<u>FORM 3</u>

### United States District Court
### Southern District of New York
#### Office of the Clerk
#### U.S. Courthouse
#### 500 Pearl Street, New York, N.Y. 10007-1213

-------------------------------------------X
                   |

        -V-           |

-------------------------------------------X

**AFFIRMATION OF SERVICE**

civ.      (  )

I, _____, declare under penalty of perjury that I have

served a copy of the attached _____

_____

upon _____

_____

whose address is: _____

_____

Date: _____
    New York, New York

_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

<u>APPEAL FORMS</u>
Docket Support Unit

Revised: April 9, 2006