*Please return To Cashiers*
*[Note] Int Bearing Account.*

LrM,S.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,          :

                           Plaintiff,          :

            - against -          :

RABINOVICH & ASSOCIATES, LP,          :
ALEX RABINOVICH, and          :
JOSEPH LOVAGLIO,          :

                    Defendants.          :

------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/5/08

07 Civ. 10547 (GEL)

## FINAL JUDGMENT AS TO DEFENDANT JOSEPH LOVAGLIO

**WHEREAS,**

    1.    Plaintiff Securities & Exchange Commission commenced this action on November 26, 2007; and

    2.    On November 18, 2008, the Court entered an Opinion and Order granting the Commission's motion for summary judgment against defendant Joseph Lovaglio, making certain findings of fact and conclusions of law which are the bases for this Final Judgment as to defendant Joseph Lovaglio, including that:

    (a)    Lovaglio violated Section 17(a) of the Securities Act of 1933 ("Securities Act"), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder;

    (b)    Lovaglio aided and abetted violations of Section 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") and Rule 206(4)-8 promulgated thereunder;

(c)     Lovaglio violated Section 5 of the Securities Act; and

(d)     Lovaglio violated Section 15(a) of the Exchange Act;

**NOW THEREFORE,**

**I.**

**IT IS ORDERED, ADJUDGED, AND DECREED** that Lovaglio and his agents,

servants, employees, attorneys, and all persons in active concert or participation with them who

receive actual notice of this Final Judgment by personal service or otherwise are permanently

restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in

the offer or sale of any security by the use of any means or instruments of transportation or

communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

**II.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Lovaglio and his

agents, servants, employees, attorneys, and all persons in active concert or participation with

them who receive actual notice of this Final Judgment by personal service or otherwise are

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R.

2

§ 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Lovaglio and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, singly or in concert, by use of the mails or any means or instrumentality of interstate commerce, while acting as an investment adviser to a pooled investment vehicle:

    (a)    making any untrue statement of a material fact or to omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

    (b)    otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle,

3

in violation of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 [17 C.F.R. § 275.206(4)-8] promulgated thereunder.

## IV.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Lovaglio and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

4

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Lovaglio and his

agents, servants, employees, attorneys, and all persons in active concert or participation with

them who receive actual notice of this Final Judgment by personal service or otherwise are

permanently restrained and enjoined from, directly or indirectly, while not registered with the

Commission as a broker, making use of the mails or means and instrumentalities of interstate

commerce to effect transactions in, or to induce or attempt to induce the purchase or sale of,

securities, in violation of Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)].

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Lovaglio is liable

for disgorgement of $92,857.49, representing profits gained as a result of the conduct alleged in

the Complaint, together with prejudgment interest thereon at the IRS underpayment rate,

calculated from August 20, 2005 through November 18, 2008, in the amount of $23,487.81, for a

total of $116,345.30. The Commission may enforce the Court's judgment for disgorgement and

prejudgment interest by moving for civil contempt (or through other collection procedures

authorized by law) at any time after ten days following entry of this Final Judgment. In response

to any such civil contempt motion by the Commission, the defendant may assert any legally

permissible defense.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Lovaglio

shall pay the amounts ordered in paragraph VI., above, as disgorgement and prejudgment interest

thereon by paying the amounts ordered within ten business days to the Clerk of this Court,

together with a cover letter identifying Joseph Lovaglio as a defendant in this action; setting

forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Lovaglio shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action (Leslie Kazon, Securities and Exchange Commission, 3 World Financial Center, Suite 400, New York, New York 10281). Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. By making this payment, Lovaglio relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Lovaglio. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Lovaglio shall pay a civil penalty in the amount of $130,000 pursuant to 15 U.S.C. §§ 77t(d) and 78u(d)(3). Lovaglio shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the

6

Office of Financial Management, Securities and Exchange Commission, Operations Center,

6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied

by a letter identifying Lovaglio as a defendant in this action; setting forth the title and civil action

number of this action and the name of this Court; and specifying that payment is made pursuant

to this Final Judgment.  Lovaglio shall simultaneously transmit photocopies of any such payment

and letter to the Commission's counsel in this action (Leslie Kazon, Securities and Exchange

Commission, 3 World Financial Center, Suite 400, New York, New York 10281).  Lovaglio

shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.  The

Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

**IX.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall

retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**X.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

SO ORDERED:

Dated:  _December 4_, 2008

_____
UNITED STATES DISTRICT JUDGE

7

**THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____**