```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/20/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                        Plaintiff,

               - against -

RABINOVICH & ASSOCIATES, LP,
ALEX RABINOVICH, and
JOSEPH LOVAGLIO,

                        Defendants.
-------------------------------------------------------------x

07 Civ. 10547 (GEL)

**FINAL JUDGMENT
AGAINST
DEFENDANT
ALEX RABINOVICH**

**WHEREAS,**

1. Plaintiff Securities & Exchange Commission ("Commission") commenced this action on November 26, 2007; and

2. Alex Rabinovich entered a general appearance in this action and consented to the Court's jurisdiction over him and over the subject matter of this action; and

3. Pursuant to Rabinovich's consent, an order of permanent injunction was entered against Rabinovich on June 9, 2008;

**NOW THEREFOR,**

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Rabinovich and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable

exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Rabinovich and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or

2

indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Rabinovich and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

3

IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Rabinovich and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, while not registered with the Commission as a broker, making use of the mails or means and instrumentalities of interstate commerce to effect transactions in, or to induce or attempt to induce the purchase or sale of, securities, in violation of Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)].

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Rabinovich and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, singly or in concert, by use of the mails or any means or instrumentality of interstate commerce, while acting as an investment adviser to a pooled investment vehicle:

(a) making any untrue statement of a material fact or to omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

(b) otherwise engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle,

4

in violation of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 [17 C.F.R. § 275.206(4)-8].

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that no disgorgement shall be ordered against Rabinovich in this civil action, based on the restitution ordered in United States v. Rabinovich, 08 Crim. 220 (S.D.N.Y.) (DC).

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that no civil penalty shall be ordered against Rabinovich in this civil action, based on Rabinovich's criminal conviction and the restitution ordered in United States v. Rabinovich, 08 Crim. 220 (S.D.N.Y.) (DC).

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the asset freeze ordered by this Court on November 26, 2007 and continued by this Court's January 14, 2008 Order of Preliminary Injunction, is lifted as to assets held, or directly or indirectly controlled, by Rabinovich, including but not limited to:

| Account Number | Name of Account Holder | Institution |
| --- | --- | --- |
| 831-056-2058 | Rabinovich & Associates, LP | Astoria Federal Savings Bank |
| 172-65972 | Rabinovich & Associates | TradeStation Securities |
| 740406384 | Rabinovich & Associates | JPMorgan Chase |
| 2731042467 | Rabinovich & Associates | JPMorgan Chase |
| 763518032 | Alex Rabinovich | JPMorgan Chase |
| 2743514966 | Alex Rabinovich | JPMorgan Chase |
| 831-075-6566 | Foreclosure Private Client Group | Astoria Federal Savings Bank |

## IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

6

**X.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

SO ORDERED:

Dated: ___March 19___, 2009         _____
                                    UNITED STATES DISTRICT JUDGE