```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,   :
                                                                                                                                        :   07 Civ. 10547 (GEL)
                            Plaintiff,   :

-against-   :   DEFAULT
                                      :   JUDGEMENT
RABINOVICH & ASSOCIATES, LP,   :   AGAINST
ALEX RABINOVICH AND   :   RABINOVICH &
JOSEPH LOVAGLIO,   :   ASSOCIATES, L.P.
                                      :
                          Defendants.   :

---

      Plaintiff Securities and Exchange Commission having commenced this action by applying for an Order to Show Cause on November 26, 2007; defendant Rabinovich & Associates, LP having been served with a copy of the Complaint on November 27, 2007; defendant Rabinovich & Associates, LP having failed to answer, move, or otherwise respond to the Commission's Complaint as required by Rule 12 of the Federal Rules of Civil Procedure; the Court having provided defendant Rabinovich & Associates, LP and the Commission the opportunity to be heard, and having heard any arguments that may have been put forth; and there being no just reason to delaying the entry of this Order:

I.

      **IT IS ORDERED, ADJUDGED AND DECREED** that defendant Rabinovich & Associates, LP and its officers, agents, servants, employees, attorneys in-fact, and all persons in active concert or participation with them, are hereby permanently enjoined and restrained, unless a registration statement is in effect as to a security, from

      (A)    making use of any means or instruments of transportation or

      communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(B)    carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(C)    making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77(h),

in violation of Section 5(a) and 5(c) of the Securities Act of 1933, 15 U.S.C. §§ 77(e)(a) and 77e(c).

## II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendant Rabinovich & Associates, LP and its officers, agents, servants, employees, attorneys in-fact, and all persons in active concert or participation with them, are hereby permanently enjoined and restrained, in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, from:

(A)    employing any device, scheme, or artifice to defraud;

 (B) obtaining money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and

 (C) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in violation of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a).

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Rabinovich & Associates, LP and its officers, agents, servants, employees, attorneys in-fact, and all persons in active concert or participation with them, are hereby permanently enjoined and restrained, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce or the mails, or of any facility of any national securities exchange, from:

 (A) employing any device, scheme, or artifice to defraud;

 (B) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and

 (C) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that

Rabinovich & Associates, LP and its officers, agents, servants, employees, attorneys in-fact, and all persons in active concert or participation with them, are hereby permanently enjoined and restrained from making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) without registering with the Commission as a broker or dealer pursuant to Section 15(b) of the Exchange Act, unless associated with a non-natural person so registered, in violation of Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a).

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that

Rabinovich & Associates, LP and its officers, agents, servants, employees, attorneys in-fact, and all persons in active concert or participation with them, unless registered under section 8 of the Investment Company Act, 15 U.S.C. § 80a-8(a), are hereby permanently enjoined and restrained from

(A) offering for sale, selling, or delivering after sale, by the use of the mails or any means of instrumentality of interstate commerce, any security or any interest in a security, whether the issuer of such security is Rabinovich & Associates, LP or another person; or offering for sale, selling, or delivering after sale any such security or interest, having reason to believe that such security or interest will be made the subject of a public offering

                by use of the mails or any means or instrumentality of interstate commerce;

(B)     purchasing, redeeming, retiring, or otherwise acquiring or attempting to acquire, by use of the mails or any means or instrumentality of interstate commerce, any security or any interest in a security, whether the issuer of such security is Rabinovich & Associates, LP or another person;

(C)     controlling any investment company which does any of the acts enumerated in paragraph (A) or (B);

(D)     engaging in any business in interstate commerce; or

(E)     controlling any company which is engaged in any business in interstate commerce,

in violation of Section 7 of the Investment Company Act, 15 U.S.C. § 80a-7(a), provided that the provisions of paragraph (A) shall not apply to transactions of Rabinovich & Associates, LP which are merely incidental to its dissolution.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that no disgorgement shall be ordered against Rabinovich & Associates, LP in this civil action, based on the restitution ordered in <u>United States v. Rabinovich</u>, 08 Crim. 220 (S.D.N.Y.) (DC).

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that no civil penalty shall be ordered against Rabinovich & Associates, LP in this civil action, based on Alex Rabinovich's criminal conviction and the restitution ordered in <u>United States v.</u>

Rabinovich, 08 Crim. 220 (S.D.N.Y.) (DC).

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the asset freeze ordered by this Court on November 26, 2007 and continued by this Court's January 14, 2008 Order of Preliminary Injunction, is lifted as to assets held, or directly or indirectly controlled, by Rabinovich & Associates, including but not limited to:

| Account Number | Name of Account Holder | Institution |
| --- | --- | --- |
| 831-056-2058 | Rabinovich & Associates, LP | Astoria Federal Savings Bank |
| 172-65972 | Rabinovich & Associates | TradeStation Securities |
| 740406384 | Rabinovich & Associates | JPMorgan Chase |
| 2731042467 | Rabinovich & Associates | JPMorgan Chase |
| 763518032 | Alex Rabinovich | JPMorgan Chase |
| 2743514966 | Alex Rabinovich | JPMorgan Chase |
| 831-075-6566 | Foreclosure Private Client Group | Astoria Federal Savings Bank |

## IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Commission may effect service of this Order upon Rabinovich & Associates, LP by delivering a copy of this Order to Alex Rabinovich, general partner of Rabinovich & Associates, LP, or to any attorney entering an appearance for Alex Rabinovich in this action.

**X.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including the implementation and enforcement of this Order.

**XI.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Federal Rule of Civil Procedure 65(d), this Order is binding on Rabinovich & Associates, LP, its agents, servants, employees, and attorneys, and upon those persons in active concert or participation with it who receive actual notice of this Order by personal service or otherwise.

**XII.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, there being no just reason for delay, the clerk of Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Judgment forthwith.

SO ORDERED:

Date: April 10, 2009
New York, New York

United States District Judge

THIS **DOCUMENT WAS ENTERED** ON THE **DOCKET ON** _____