

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

-v.-

EDWARD T. STEIN,
                Defendant

07 Civ. 10547 (GEL)

**ORDER**

DISP, LLC, EDWARD T. STEIN ASSOC. LTD.,
G&C PARTNERSHIP JOINT VENTURE,
GEMINI FUND I, L.P., PRIMA CAPITAL
MANAGEMENT LLC, VIBRANT CAPITAL
CORP., and VIBRANT CAPITAL FUNDING I
LLC,

                Relief Defendants
------------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

       On April 1, 2009, the Securities and Exchange Commission ("SEC" or "the Commission") brought this civil action against Edward T. Stein and related entities (the "Relief Defendants"),[1] alleging that Stein was operating a nearly two-decade-old Ponzi scheme in which he raised millions of dollars from investors on the basis of fraudulent misrepresentations and omissions. Also on April 1, 2009, with the defendants' consent, the Court entered a Preliminary Injunction Order (the "Order") freezing the defendants' assets, enjoining Stein from engaging in the violations alleged in the complaint, and requiring Stein to provide an immediate accounting of certain "life settlement" policies held by two of the Relief Defendants. At Stein's request, the Order did not require him to file a comprehensive accounting of all of his assets and liabilities. Instead, the Order provided that Stein file such an accounting by June 1, 2009.

       On April 16, 2009, Stein filed an application seeking to modify the asset freeze included in Paragraph V of the Order for the purpose of payment of legal fees and "basic" living expenses. (Stein Aff. ¶ 1.) Specifically, Stein requests the release of approximately $60,000 in assets to be used for legal fees, and the release of a checking account with a $13,000 draw-down

---

[1] Those defendants include DISP LLC ("DISP"), Edward T. Stein Associates, Ltd. ("ETSA"), G&C Partnership Joint Venture ("G&C"), Gemini Fund I, LP ("Gemini"), Prima Capital Management LLC ("Prima"), Vibrant Capital Corp. ("Vibrant"), and Vibrant Capital Funding I LLC ("Vibrant Funding").

on the line of credit so that he may deposit checks from "personal and business activities unrelated to the allegations in this case" (Stein Aff. ¶ 2) and withdraw up to $20,000 per month in living expenses. (See Counsel Letter Apr. 9, at 1; Stein Mem. at 2.) The application will be denied.

To persuade a court to unfreeze assets, the defendant must establish that the funds he seeks to release are untainted and that there are sufficient funds to satisfy any disgorgement remedy that might be ordered in the event a violation is established at trial. See SEC v. Roor, No. 99 Civ. 3372, 1999 WL 553823 at *3 (S.D.N.Y. July 29, 1999). The touchstone of the inquiry is equity. "[T]he disadvantages and possible deleterious effect of a freeze must be weighed against the considerations indicating the need for such relief." SEC v. Manor Nursing Centers, Inc., 458 F.2d 1082, 1106 (2d Cir. 1972). The defendant has not met his burden.

First, the Commission has made a substantial showing that Stein was defrauding investors through a Ponzi scheme. While its claims have not been authoritatively resolved, the evidence submitted is substantial, and it is noteworthy that Stein has made no effort in any of his affidavits to refute any of the Commission's claims. The strength of the Commission's showing weighs against Stein's proposed modification because it appears likely that Stein will soon have significant personal liabilities to the government and to the victims of the fraud he is alleged to have perpetrated.

Second, Stein's efforts to identify assets untainted by the Commission's allegations are woefully inadequate. The record now before the Court does not support Stein's assertions that the assets he seeks to unfreeze are, in fact, legitimate. To the contrary, Stein's own account of the relevant assets fails to trace those assets to their origin, and in some cases the tainted quality of the assets is evident. Stein's contention that he earned some of the funds as a "solicitor" of investments or "in the ordinary course of his business as a life insurance broker" is particularly suspect where some of the funds earned were on policies or accounts issued to victims of his alleged fraud. (Larsen Aff. ¶¶ 2-4; SEC Opp. at 7.) Until a full accounting of Stein's finances is complete – an event deferred at Stein's request until June 1, 2009 – the Court does not have sufficient information to assess – or as Stein urges, to parse (Stein Mem. at 5 n.4) – the genuine sources of any of Stein's assets. To that extent, Stein's request is, at best, premature. It might also, however, be futile, as it appears unlikely that there are assets sufficient to cover the likely disgorgement and restitution obligations the Commission seeks, and has shown it is likely to obtain.

Finally, while it is not necessary for the Court to reach this issue, Stein's claimed "basic" living expenses are unreasonable. Stein has shown no reason why funds necessary to repay the victims of his fraud should be depleted in order to sustain his lifestyle and personal obligations at a rate of $20,000 per month.

Because Stein has failed to meet his burden of demonstrating that the preliminary injunction should be modified, his application is DENIED, without prejudice to its renewal upon a comprehensive accounting of all of Stein's assets and liabilities.

SO ORDERED.

Dated: New York, New York
       April 29, 2008

_____
GERARD E. LYNCH
United States District Judge